IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHARLES MAMOU, JR,** § § | |
| Petitioner, § § | |
| vs. § | CASE No. _____ |
| § | |
| **WILLIAM STEPHENS,** § Director, § **Texas Department of Criminal** § **Justice, Correctional Institutions** § **Division,** § Respondent § § | (Death Penalty Case) (Judge _____) |

**MOTION FOR APPOINTMENT OF COUNSEL**

Undersigned counsel, A. Richard Ellis, with the support and agreement of Petitioner Charles Mamou, Jr., respectfully asks this Court to appoint him to represent Mr. Mamou in his federal habeas corpus proceedings. This motion is made pursuant to 21 U.S.C. § 848(q)(4)(B) and *McFarland v. Scott,* 512 U.S. 849 (1994).

In support of this request, counsel states as follows:

1. Charles Mamou, Jr. (hereafter "Petitioner"), was convicted of capital murder in 1999 in the 179th Judicial District Court of Harris County, Texas in Cause No. 800112. The jury subsequently answered the special issues submitted pursuant to Texas Code of Criminal Procedure, and pursuant to those answers the trial court set punishment at death. Art. 37.071.

2. Petitioner appealed this conviction and sentence. On November 7, 2001, the Texas Court

1

of Criminal Appeals affirmed his conviction and sentence of death on direct appeal. *Mamou v. State,* No. 73,708 (Tex. Crim. App. November 7, 2001)(not designated for publication).

3. Petitioner also sought state post-conviction relief. He filed his initial petition for state post-conviction relief in the trial court on April 18, 2001. A supplemental application for Post-Conviction Writ of Habeas Corpus was also filed, along with a subsequent *pro se* application. On February 5, 2014, the Texas Court of Criminal Appeals denied the state post-conviction application for writ of habeas corpus, the supplemental application and the subsequent *pro se* application. *Ex Charles Mamou, Jr.* Nos. WR-78,122-01, WR-78,122-02, and WR-78,122-03 (Tex. Crim. App. February 5, 2014 (not designated for publication).

4. Mr. Mamou has written undersigned counsel and requested that he be appointed for his federal habeas corpus proceedings. *See* Exhibit 1 herein, Declaration of Charles Mamou, Jr. Dated February 12, 2014. As his declaration indicates, Mr. Mamou has also previously written to undersigned counsel and requested that he seek this appointment.

5. Mr. Mamou wishes to avail himself of the opportunity to challenge his conviction and sentence in federal court with the assistance of undersigned counsel, who is experienced in federal capital habeas cases in Texas. Hence, he respectfully requests that the Court approve this request for appointment of counsel.

6. Mr. Mamou is indigent, and has proceeded *in forma pauperis* in state trial proceedings.[1] It is not anticipated that local counsel will be needed, due to the nature of the case as a capital habeas proceeding, where personal court appearances are not frequent.

---

[1] A Motion to Proceed *In Forma Pauperis*, along with an Affidavit in Support of that Motion, signed by Mr. Mamou, will be submitted to the Court as soon as it is available. Counsel will also submit a motion to proceed *pro hac vice* if this motion is granted.

7. In *McFarland v. Scott*, 512 U.S. 849 (1994) the Supreme Court was presented with the question of whether, in advance of filing a federal habeas petition, a condemned state prisoner who sought to file a federal petition could be appointed under 21 U.S.C. § 848(q)(4)(B), and whether the right of state prisoners under sentence of death to appointed counsel "[i]n any post conviction proceeding" afforded by 21 U.S.C. § 848(q)(4)(B) allowed appointment prior to the filing of a habeas petition. The Court decided that it did:

> The language and purposes of §848(q)(4)(B) and its related provisions establish that the right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application. We therefore conclude that a 'post conviction proceeding' within the meaning of §848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding.

*McFarland,* at 856-857. "[T]he right to counsel." the Court continued, "necessarily includes a right for that counsel meaningfully to research and present a defendant's claims." (*Id.*)

8. Undersigned counsel has been so appointed in Texas capital habeas corpus matters, under the authority of *McFarland,* in this federal district court, in all other federal districts in Texas, by the Fifth Circuit Court of Appeals and by the United States Supreme Court. He has also been appointed in capital cases by the Texas Court of Criminal Appeals, and by various state trial courts in Texas and is currently on the list of attorneys approved for appointment to capital writs under Tex. Code Crim. Proc. 11.071. Mr. Ellis is currently a member in good standing of all jurisdictions where he is admitted. *See* enclosed Declaration of A. Richard Ellis.

WHEREFORE, Petitioner Charles Mamou, Jr., respectfully requests that this Honorable Court appoint A. Richard Ellis to represent him in this matter.

A Proposed Order is attached for the Court's convenience.

DATED: February 19, 2014.

Respectfully submitted,

*s/s A. Richard Ellis*

_____
A. Richard Ellis
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
FAX (415) 389-0251

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES MAMOU, JR, § § Petitioner, § § vs. § § WILLIAM STEPHENS, § Director, § Texas Department of Criminal § Justice, Correctional Institutions § Division, § Respondent § § | CASE No. _____ (Death Penalty Case) (Judge _____) |

## DECLARATION OF A. RICHARD ELLIS

I, A. Richard Ellis, hereby declare as follows:

1. I am an attorney employed as a sole practitioner at 75 Magee Avenue, Mill Valley, California 94941. My phone number is (415) 389-6771; my FAX number is (415) 389-0251.

2. I am a member of the Bar in good standing in California, Colorado, Florida, Hawaii, Missouri, Nebraska, Nevada, Texas (active, current with all CLE requirements) and the District of Columbia. I am also a member in good standing of over twenty Federal Courts and the United States Supreme Court.

3. No disciplinary actions or grievances have been filed or are pending against me. I have never been charged with, arrested for, or convicted of a crime other than minor traffic offenses.

4. I have practiced law for over thirty years, a substantial portion of that practice being

devoted to criminal defense. Currently, my practice is devoted entirely to capital defense. I am in private practice, residing in California, but am an active member of the State Bar of Texas. For over twenty-one years I have been involved in the representation of capital habeas litigants in Texas, and, for the past fifteen years, the vast majority of my practice has been devoted to Texas capital habeas cases. I am a graduate of McGill University (Montréal, Québec) in 1970; a 1973 graduate of the University of Oklahoma School of Law, where I obtained a Juris Doctorate degree; and a 1975 graduate of the University of California at Los Angeles, where I obtained an M.B.A. degree with a major in Finance. Over the last three years, I have participated in well over 100 hours of training focusing exclusively on issues involving death-sentenced individuals. I have also attended fifteen Annual National Habeas Corpus Seminars sponsored by the Administrative Office of the United States Courts. The most recent training seminars include the following:

> February 14-17, 2014, Annual CACJ/CPDA Capital Case Defense Seminar, Monterey, CA (20 hrs.)
> August 15-18, 2013, Eighteenth Annual Federal Habeas Corpus Seminar, Cleveland, Ohio (21 hrs.)
> August 16-19, 2012, Seventeenth Annual Federal Habeas Corpus Seminar, Washington, DC (22.0 hrs.)
> February 17-20, 2012, Annual CACJ/CPDA Capital Case Defense Seminar, Monterey, CA (22 hrs.)
> August 18-21, 2011, Sixteenth Annual Federal Habeas Corpus Seminar, Charlotte, NC ( (22.0 hrs.)
> February 18-21, 2011, Annual CACJ/CPDA Capital Case Defense Seminar, Monterey, CA (22 hrs.)

5. I am currently on the list of about 35 attorneys approved by the Texas Court of Criminal Appeals to handle capital habeas applications under Tex. Code Crim. Pro. 11.071. I have represented numerous petitioners in capital federal habeas corpus cases in all federal Districts of Texas, in the Fifth Circuit Court of Appeals and in the United States Supreme Court, and I have

been appointed to represent petitioners in state capital habeas cases by the Texas Court of Criminal Appeals and state trial courts. I have been counsel of record in approximately twelve Texas state capital post-conviction proceedings and approximately seventeen federal capital habeas corpus cases in Texas, and have represented over fifteen death-sentenced individuals in these Texas cases. Currently I represent six death-sentenced individuals in Texas capital federal habeas proceedings. All of these cases are past the petition-filing stage of the proceedings.

6. I have obtained and familiarized myself with a copy of the Local Rules for the Southern District of Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Mill Valley, California, on February 19, 2014.

*s/s A. Richard Ellis*
_____
A. Richard Ellis
Texas Bar No. 06560400
75 Magee Avenue
Mill Valley, CA 94941
(415) 389-6771
FAX (415) 389-0251

**CERTIFICATE OF SERVICE**

I, A. Richard Ellis, do hereby certify that I electronically filed the above and foregoing pleading "Motion for Appointment of Counsel " with the Clerk of the Court for the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court on February 19, 2014.

There is as of yet no named counsel for respondent Stephens.


*/s/ A. Richard Ellis*
_____
A.  RICHARD ELLIS