73708

CAUSE NO. 800112

179th DISTRICT COURT

COUNTY CRIMINAL COURT AT LAW NO. ____

CHARLES MAMOU, JR.

VS

THE STATE OF TEXAS

CRIMINAL COURT OF APPEALS

VOLUME I

FILED IN COURT OF CRIMINAL APPEALS

FEB 14 2000

Troy C. Bennett, Jr., Clerk

Rule 9.2

# CLERK'S RECORD

VOLUME 1 of 1

Trial Court Cause No. 800112

In the County Criminal Court at Law # of Harris County, Texas

In the 179th District Court of Harris County, Texas

Honorable J. MICHAEL WILKINSON, Judge Presiding

---

CHARLES MAMOU, JR., **APPELLANT**

VS

THE STATE OF TEXAS

---

Appealed to the Court of Criminal Appeals of Texas, at Austin, Texas

---

Attorney for Appellant(s)

FLOYD FREED

ATTORNEY OF RECORD

2301 FM 1960 W

HOUSTON, TEXAS 77068

Telephone No: (281)444-0871

SBOT No: 07413500

---

Delivered to the Court of Criminal Appeals of Texas, at Austin, Texas on the 9th day of February, 2000.

CHARLES BACARISSE, District Clerk
Harris County, Texas

By: Jennifer Carrion
Jennifer Carrion, Deputy

---

(Court of Appeals) Cause No. ______________
Filed in the (Supreme Court of Texas at Austin, Texas,
Or Court of Criminal Appeals of Texas at Austin, Texas,
Or Court of Appeals for the ______ District of Texas, at __________, Texas)
This ______ day of ______________, __________
____________________, Clerk
By ____________________, Deputy

# INDEX

| | DATE FILED | PAGE |
|---|---|---|
| CAPTION | | 1 |
| COMPLAINT | 12/10/98 | 2 |
| INDICTMENT | 03/03/99 | 4 |
| REQUEST FOR APPOINTMENT OF COINSEL AND ORDER OF THE COURT | 05/28/99 | 5 |
| ORDER | 06/09/99 | 6 |
| NOTICE OF THE STATE'S INTENT TO SEEK DEATH AS A PENALTY | 06/25/99 | 7 |
| AGREED SETTING | 06/25/99 | 8 |
| AGREED SETTING | 07/21/99 | 9 |
| REQUEST FOR APPOINTMENT OF COUNSEL AND ORDER OF THE COURT | 07/27/99 | 10 |
| DEFENDANT'S MOTION TO PROVIDE FUNDS FOR EXPERT ASSISSTANCE JURY STUDY | 09/01/99 | 11 |
| MOTION FOR HEARING ON ADMISSIBILITY OF EVIDENCE | 09/01/99 | 15 |
| MOTION FOR DISCOVERY OF VICTIM IMPACT TESTIMONY | 09/01/99 | 20 |
| MOTION TO REQUIRE THE STATE TO REVEAL AGREEMENTS | 09/01/99 | 23 |
| MOTION TO DISCOVER THE PORTIONS OF THE DEFENDANT'S STATEMENT WHICH THE STATE INTENDS TO USE AT TIME OF TRIAL | 09/01/99 | 27 |
| DEFENDANT'S REQUEST FOR DISCLOSURE OF DEFENDANT'S ARREST / CONVICTION RECORDS AND EXTRANEOUS AND/ OR UNADJUDICATED ACTS OF MISCONDUCT TO THE OFFERED AT GUILT OR PUNISHMENT | 09/01/99 | 30 |
| MOTION FOR JURY LIST | 09/01/99 | 32 |
| MOTION FOR THE COURT TO DIRECT COURT REPORTER TO TAKE VOIR DIRE EXAMINATION OF THE JURY AND BENCH CONFERENCES AND ALL FINAL ARGUMENTS | 09/01/99 | 34 |
| DEMAND FOR INDIVIDUAL VOIR DIRE | 09/01/99 | 37 |
| DEFENDANT'S MOTION TO PRESENT WRITTEN QUESTIONAIRE TO JURY PANEL | 09/01/99 | 38 |
| MOTION FOR DISCOVERY AND INSPECTION | 09/01/99 | 41 |
| MOTION FOR PRODUCTION AND DISCLOSURE OF INFORMANT | 09/01/99 | 49 |

# INDEX

| | DATE FILED | PAGE |
|---|---|---|
| DEFENDANT'S MTOION TO DISCLOSE THE EXISTENCE OF ANY TESTING, QUESTIONING, SURVEILLANCE OR OBSERVATIONS OF DEFENDANT BY STATE AGENTS OR REPRESENTATIVES | 09/01/99 | 52 |
| MOTION TO VOIR DIRE ON PAROLE LAW – 40 YEAR MINIMUM | 09/01/99 | 55 |
| DISCLOSURE OF DEFENDANT'S ARREST/ CONVICTION RECORDS AND EXTRANEOUS AND/OR UNADJUDICATED ACTS OF MISCONDUCT | 09/01/99 | 58 |
| DEFENSE MOTION AT TIME OF ENTERING PLEA OF NOT GUILTY | 09/09/99 | 60 |
| FIRST AMENDED | 09/10/99 | 61 |
| LETTER TO THE JUDGE | 09/28/99 | 63 |
| CAPITAL MURDER JURY POOL/ STRIKE LIST | 09/29/99 | 66 |
| MOTION TO TRANSFER MOTION | 10/04/99 | 71 |
| MOTION IN LIMINE | 10/04/99 | 74 |
| ORDER | 10/07/99 | 76 |
| REQUEST OF THE JURY | 10/12/99 | 77 |
| CHARGE OF THE COURT ON GUILT OR INNOCENCE / VERDICT | 10/12/99 | 78 |
| REQUEST OF THE JURY | 10/15/99 | 93 |
| REQUEST OF THE JURY | 10/15/99 | 94 |
| CHARGE OF THE COURT ON THE ASSESSMENT OF PUNISHMENT/ VERDICT | 10/15/99 | 95 |
| OATH OF INDIGENCE UNDER ARTICLE 11.071 (2)(b) CCP AND FINDINGS OF FACT | 10/15/99 | 104 |
| JUDGEMENT/ SENTENCE | 10/15/99 | 105 |
| PAUPER'S OATH ON APPEAL AND ORDER OF THE COURT | 10/18/99 | 108 |
| MOTION FOR NEW TRIAL | 10/18/99 | 109 |
| MOTION TO WITHDRAW AND ORDER OF THE COURT | 10/28/99 | 112 |
| MOTION TO WITHDRAW AS ATTORNEY OF RECORD AND ORDER OF THE COURT | 11/08/99 | 114 |
| DOCKET SHEET | | 117 |
| LETTER OF ASSIGNMENT TO THE COURT OF CRIMINAL APPEALS | 12/15/99 | 155 |

# CAPTION

THE STATE OF TEXAS {

COUNTY OF HARRIS {

In the 179th District Court of Harris County, Texas, the Honorable J. MICHAEL WILKINSON, Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:

TRIAL COURT CAUSE NO. 800112

CHARLES MAMOU, JR. { IN THE 179th JUDICIAL DISTRICT COURT

VS.

THE STATE OF TEXAS { HARRIS COUNTY, TEXAS



COMPLAINT
FILED ON: DECEMBER 10,1998

THE STATE OF TEXAS
VS.
**CHARLES MAMOU, JR.**
**584 MARTIN LUTHER KING**
**SUNSET, LA 70584**

SPN: 01696283/999
DOB: **NM 11-6-74**
DATE PREPARED: **12/10/98**

D.A. LOG NUMBER:**478727**
CJIS TRACKING NO.:
BY: **jl** DA NO: **386**
AGENCY:**HPD**
O/R NO: **156416498**
ARREST DATE: **TOBE**

NCIC CODE: **0907 10**
RELATED CASES: **SAME DEFEN - FELONY**

FELONY CHARGE: **CAPITAL MURDER**
CAUSE NO: 0800112
HARRIS COUNTY DISTRICT COURT NO: 179th
FIRST SETTING DATE:

BAIL: **$NO BOND**
PRIOR CAUSE NO:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **CHARLES MAMOU, JR.** hereafter styled the Defendant, heretofore on or about **DECEMBER 7, 1998**, did then and there unlawfully while in the course of committing and attempting to commit the KIDNAPPING of MARY CARMOUCHE, intentionally cause the death of MARY CARMOUCHE by shooting MARY CARMOUCHE with a deadly weapon, namely, a firearm.

It is further presented that in Harris County, Texas, CHARLES MAMOU, JR., hereafter styled the Defendant, heretofore on or about DECEMBER 7, 1998, did then and there unlawfully while in the course of committing and attempting to commit the AGGRAVATED SEXUAL ASSAULT of MARY CARMOUCHE, intentionally cause the death of MARY CARMOUCHE by shooting MARY CARMOUCHE with a deadly weapon, namely, a firearm.

**PROBABLE CAUSE**

AFFIANT IS JERRY NOVAK A PEACE OFFICER EMPLOYED BY THE CITY OF HOUSTON POLICE DEPARTMENT. AFFIANT BELIEVES AND HAS REASON TO BELIEVE THAT THE DEFENDANT, CHARLES HAROLD MAMOU, JR., COMMITTED THE OFFENSE OF CAPITAL MURDER AS ALLEGED ABOVE FOR THE FOLLOWING REASONS:

ON DECEMBER 10, 1998, YOUR AFFIANT SPOKE TO KEVIN WALTER AT HERMANN HOSPITAL WHERE YOUR AFFIANT OBSERVED KEVIN WALTER RECOVERING FROM MULTIPLE GUNSHOT WOUNDS. AT THE HOSPITAL, WALTER POSITIVELY IDENTIFIED A PHOTO OF THE DEFENDANT CHARLES HAROLD MAMOU, JR. IN A PHOTOSPREAD. THE PHOTOSPREAD CONTAINED A PICTURE OF THE DEFENDANT AND FIVE SIMILAR LOOKING BLACK MALES. WALTER TOLD YOUR AFFIANT THAT THE DEFENDANT SHOT HIM AND TERRANCE GIBSON WITH A FIREARM AT THE 9200 BLOCK OF LANTERN POINT, IN HARRIS COUNTY, TEXAS ON DECEMBER 6, 1998.

YOUR AFFIANT SPOKE TO DION HOLLEY WHO ALSO POSITIVELY IDENTIFIED THE DEFENDANT AS A PERSON WHO SHOT HIM, KEVIN WALTER, AND TERRANCE GIBSON DURING THE AFOREMENTIONED OFFENSE AND, IN THE SAME TRANSACTION, STOLE HIS MOTHER'S CAR. HOLLEY STATED THAT WHEN THE DEFENDANT STOLE THE CAR, HIS GIRLFRIEND, A BLACK FEMALE NAMED MARY CARMOUCHE WAS ALIVE AND IN THE BACK SEAT.



YOUR AFFIANT ALSO SPOKE TO TERRANCE O'NEIL DODSON WHO STATED THAT HE KNOWS THE DEFENDANT BY NAME AND SIGHT AS HIS COUSIN AND THAT AFTER THE OFFENSE THE DEFENDANT ADMITTED TO HIM THAT HE SHOT THE COMPLAINANTS AND DROVE OFF IN THEIR CAR, WITH A BLACK FEMALE INSIDE. THE DEFENDANT ALSO ADMITTED THAT HE DROVE THE BLACK FEMALE TO AN ISOLATED AREA WHERE HE SEXUALLY ASSAULTED HER. DODSON TOLD YOUR AFFIANT THAT THE DEFENDANT STATED HE WAS FEARFUL THAT SHE COULD IDENTIFY HIM SO HE SHOT HER AND KILLED HER AT A HOUSE THAT WAS FOR SALE IN FAR SOUTHWEST HARRIS COUNTY, TEXAS.

YOUR AFFIANT SPOKE TO ASSISTANT MEDICAL EXAMINER DR MILTON WHO IS EMPLOYED BY THE HARRIS COUNTY MEDICAL EXAMINER'S OFFICE WHO TOLD YOUR AFFIANT THAT HE EXAMINED THE BODIES OF MARY CARMOUCHE AND TERRANCE GIBSON AND THAT THEY BOTH DIED AS A RESULT OF GUNSHOT WOUNDS TO THE BODY. YOUR AFFIANT SPOKE TO SGT. LD FOLTZ WHO STATED THAT HE OBSERVED THE BODY OF A FEMALE, LATER IDENTIFIED AS MARY CARMOUCHE, DEAD FROM A SINGLE GUNSHOT WOUND TO THE CHEST AT A LOCATION IN FAR SOUTHWEST HARRIS COUNTY, NEAR A HOUSE FOR SALE.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

Sworn to and subscribed before me on December 10, 1998

FILED
DISTRICT CLERK
HARRIS CO.
98 DEC 10 AM 8:58
BY______ DEPUTY

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

**COMPLAINT**

INDICTMENT
FILED ON: MARCH 3, 1999

THE STATE OF TEXAS
VS.

D.A. LOG NUMBER: 478727
CJIS TRACKING NO.:

**CHARLES MAMOU, JR.**
**584 MARTIN LUTHER KING**
**SUNSET, LA 70584**

SPN: **01696283/999**
DOB: **NM 11-06-74**
DATE PREPARED: **2-24-99**

BY: **CM** DA NO: **386**
AGENCY:**HPD**
O/R NO: **156416498**
ARREST DATE: **TO BE**

209th GJ

NCIC CODE: **0907 10**
FELONY CHARGE:
**CAPITAL MURDER**

RELATED CASES: **1 OTHER FELONY**

Vol. 221 | Page 224 / AXGM

CAUSE NO: **800112**

BAIL: **$NO BOND**
PRIOR CAUSE NO:

HARRIS COUNTY DISTRICT COURT NO: **179TH**
FIRST SETTING DATE:

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **CHARLES MAMOU, JR.**, hereafter styled the Defendant, on or about **DECEMBER 7, 1998**, did then and there unlawfully, while in the course of committing and attempting to commit the Kidnapping of MARY CARMOUCHE, intentionally cause the death of MARY CARMOUCHE by shooting MARY CARMOUCHE with a deadly weapon, namely, a firearm.

It is further presented that in Harris County, Texas, CHARLES MAMOU, JR., hereafter styled the Defendant, heretofore on or about DECEMBER 7, 1998, did then and there unlawfully during the same criminal transaction, intentionally and knowingly cause the death of TERRANCE GIBSON by shooting TERRANCE GIBSON with a deadly weapon, namely, a firearm, and intentionally and knowingly cause the death of MARY CARMOUCHE by shooting MARY CARMOUCHE with a deadly weapon, namely, a firearm.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

209th ASST. FOREMAN

[signature]

FOREMAN OF THE GRAND JURY

**INDICTMENT**

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
99 MAR -3 PM 12:46
BY [signature] DEPUTY

REQUEST FOR APPOINMENT OF COUNSEL AND ORDER OF THE COURT:
FIELD ON: MAY 28,1999

Court Coordinator No. 4

CAUSE NO. 800112 / 800113 CHARGE Capital murder / Capital murder

THE STATE OF TEXAS 179 DISTRICT COURT

OF HARRIS COUNTY, TEXAS.

VS. Charles Mamou

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Charles Mamou, defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel.

in Louisiana - per Judge
Defendant

~~Sworn to and subscribed~~ before me on this, the 28 day of May, A.D. 1999.

FILED
CHARLES BACARISSE
District Clerk
MAY 28 1999 9:36 AM
Time
By Deputy

By [signature]
Deputy District Clerk
Harris County, Texas

## ORDER APPOINTING COUNSEL

On this, the 28 day of May, A.D. 1999, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause.

WAYNE HILL
Attorney

4615 S.W. FWY. 600
Address

HOUSTON TX 77027
City State Zip

713-623-8312
Phone

09656300
BAR #

It is further ordered that the said cause is set for: Arrg

on the 24 day of June, 1999, at 9:00 A.M.

Signed this 28 day of May, A.D. 1999.

[signature]
Judge Presiding

V2755 P0803

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.



800112
800113

STATE OF TEXAS | IN THE 179TH DISTRICT COURT
VS.
CHARLES MAMOU | HARRIS COUNTY, TEXAS

ORDER

This court previously appointed Wayne T. Hill, Attorney at Law, to represent the above-referenced Defendant charged with two cases of capital murder. The court finds that extraordinary circumstances exist in these cases that warrant the expenditure of pre-trial funding of investigative expenses and out-of-court hours for legal fees which will be in addition to future voucher payments. This court hereby orders that Wayne T. Hill be paid [illegible] out of the General Fund of Harris County, Texas, for initial investigative and legal fees in these matters.

SIGNED AND ORDERED this 9th day of June, 1999.

HON. J. MICHAEL WILKINSON
JUDGE PRESIDING
179TH DISTRICT COURT
HARRIS COUNTY, TEXAS

APPROVED ADMINISTRATIVE JUDGE

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

V2764 P0402



Cause No. 800112/~~800113~~

| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
|---|---|
| Vs. | HARRIS COUNTY, TEXAS |
| CHARLES MAMOU, JR. | 179TH DISTRICT COURT |

**NOTICE OF THE STATE'S INTENT TO SEEK DEATH AS A PENALTY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney, and pursuant to Articles 37.071 of the Texas Code of Criminal Procedure, and in accordance with Section 19.03 of the Texas Penal Code, in open court hereby notices this Honorable Court and the Defendant that the State of Texas will seek **DEATH** as a penalty in the above styled and numbered causes.

Respectfully Submitted,

Lyn McClellan
Assistant District Attorney
Harris County, Texas

FILED
CHARLES BACARISSE
District Clerk
JUN 25 1999
Time: 11 AM
Harris County, Texas
By ______ Deputy

Court Coordinator No. 2-A

CAUSE NO. 800112 / 800113 CHARGE Capital

THE STATE OF TEXAS 179 DISTRICT COURT

VS. OF HARRIS COUNTY, TEXAS.

Charles Mamou
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

NTRL to 7-21-99
(Type of Setting) (Date)

Attorney for the State

Defendant

WAyne Hill
(Print) Attorney for Defendant

[signature]
(Signature) Attorney for Defendant

(Street Address)

(City) (State) (Zip)

623-8312
(Phone Number)

09656300
(Bar Number)

APPROVED BY THE COURT:

[signature]
Judge Presiding

6-25-99
Date

FILED
CHARLES BACARISSE
District Clerk
JUN 25 1999
Time: ____
Harris County, Texas
By ____
Deputy

DISTRICT CLERK

Court Coordinator No. 2-A

CAUSE NO. 800112
800113

CHARGE Capital murder
Capital murder

THE STATE OF TEXAS

179 DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS.

Charles Mamou
Defendant

AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

Motn (Type of Setting) to 8-11-99 (Date)

CTC
Attorney for the State

In Custody
Defendant

WAYNE Hill
(Print) Attorney for Defendant

WHill
(Signature) Attorney for Defendant

4615 SW Fwy
(Street Address)

H TX 77027
(City) (State) (Zip)

623-8312
(Phone Number)

09656300
(Bar Number)

FILED
CHARLES BACARISSE
District Clerk
JUL 21 1999
Time: 12:15
Harris County, Texas
By Deputy

APPROVED BY THE COURT:

Judge Presiding

7-21-99
Date

DISTRICT CLERK

REQUEST FOR APPOINTMENT OF COUNSEL AND ORDER OF THE COURT
FIELD ON: JULY 27, 1999

Court Coordinator No. 4

CAUSE NO. 800112 / 800113 CHARGE Capital murder / Capital murder

THE STATE OF TEXAS

179 DISTRICT COURT

OF HARRIS COUNTY, TEXAS.

VS.

Charles Mamou

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Charles Mamou, defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel.

Charles H. Mamou Jr.
Defendant

Sworn to and subscribed before me on this the 26 day of July, A.D. 1999.

FILED
CHARLES BACARISSE
District Clerk
JUL 27 1999
Time:
Harris County, Texas
By Deputy

By [signature]
Deputy District Clerk
Harris County, Texas

## ORDER APPOINTING COUNSEL

On this, the 26 day of July, A.D. 1999, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause.

Kurt Wentz
Attorney

5629 FM 1960
Address

Houston, TX 77069
City State Zip

281-587-0088
Phone

21179300
BAR #

13-9.98
13-9.98

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

It is further ordered that the said cause is set for: motn

on the 11 day of August, 1999, at 9:00 A.M.

Signed this 26 day of July, A.D. 1999.

Dan Robertson
Judge Presiding

2nd chair

V2803 P0494



14,992
993

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

DEFENDANT'S MOTION TO PROVIDE
FUNDS FOR EXPERT ASSISTANCE - JURY STUDY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLES MAMOU, Defendant, by and through his attorneys of record, and makes this his Motion to Provide Funds for Expert Assistance - Jury Study, and as grounds therefore would show the Court as follows:

I.

In Free v. Peters, 806 F. Supp. 705 (1992), a copy of which is attached to this Motion for reference, Judge Aspen has found, based on a study performed by Professor Hans Zeisel, that the questions that jurors answer in capital murder cases are not properly understood by those jurors. This lack of understanding results in a denial of a defendant's Eighth and Fourteenth Amendment rights as guaranteed by the United States Constitution. A capital murder defendant's rights in Texas are violated under Article I §§ 10, 13, and 19.

II.

Defendant requests that this Court provide him with funds to conduct a similar study of the questions in a capital murder trial in Texas. This study would be conducted by a competent scholar who could then share his findings with the Court. If the Texas study reaches the same conclusion as the Zeisel study, the Defendant could demonstrate that the prosecution violates his rights under the Eighth and Fourteeth Amendments to the United States Constitution. The Defendant is

indigent. Without funds provided by Harris County, the Defendant will be unable to gather information necessary to properly raise the issue. These funds are essential to the defense of the Defendant. This Court should order these funds be made available under the holding of Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). In Ake, the United States Supreme Court held that where the burden of proof is on an indigent defendant to prove insanity, the State must appropriate money to allow him to hire experts to meet that burden. Here the Defendant intends to show that jurors do not understand the questions they are asked to answer. The Defendant cannot possibly gather this information without clerical and expert help. Under Ake, he is entitled to funds for that help.

Defendant seeks this funding, in addition to the reasons already given, under the authority of Art. 26.05 V.A.C.C.P. Further, these funds are necessary so that counsel may render effective assistance as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I §§ 10, 13 and 19 of the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court grant this Motion and allow him the funds necessary to present evidence on this issue.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

FILED
CHARLES BACARISSE
SEP - 1 1999
Time: ...
Harris County, Texas
By ... Deputy

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

Wayne T. Hill

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

ORDER ON DEFENDANT'S MOTION TO PROVIDE
FUNDS FOR EXPERT ASSISTANCE - JURY STUDY

On this ___ day of ____________________, 199___, came on to be heard the Defendant's Motion to Provide Funds for Expert Assistance - Jury Study, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

____________ GRANTED

____________ DENIED, to which ruling Defendant timely excepts.

SIGNED this the ___ day of ____________________, 199___.

______________________________
JUDGE PRESIDING

FILED
CHARLES BACARISSE
District Clerk
SEP - 1 1999
Harris County, Texas
By Deputy

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

MOTION FOR HEARING ON ADMISSIBILITY OF EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLES MAMOU, Defendant in the above-styled cause, by and through Defendant's attorney, and respectfully requests the Court to hold a hearing in advance of the trial on the admissibility of any evidence/testimony discovered from the Defendant. In support of this Motion, Defendant respectfully shows the Court as follows:

I.

Defendant makes this request based upon the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, Article I, Sections 9, 10, 13 and 19 of the Texas Constitution and Article 15.01, 15.17, 38.21, 38.22 and 38.23, V.A.C.C.P., as well as the requirements set out in Jackson v. Denno, 378 U.S. 368, as well as the doctrine of the fruit of the poison tree of Wong Sun v. U.S., 371 U.S. 471 (1963).

II.

Defendant further alleges that at the time of various conversations with certain police officers, the Defendant was either under arrest or substantially deprived of Defendant's freedom by the attendant conduct of the officers and the surrounding circumstances.

III.

Defendant would show that said statements and/or acts were the fruit of illegal arrest and/or search and seizure, and are therefore inadmissible.



IV.

Defendant would show that any statement(s) allegedly made by Defendant were not done with a knowing, intelligent or voluntary waiver of his constitutional rights under the Texas, Louisiana or United States Constitution.

VI.

THIS MOTION IS SOUGHT BY THE DEFENDANT AS A CONTINUING MOTION TO SUPPRESS ANY AND ALL STATEMENTS OR ACTS. IT IS SOUGHT TO SUPPRESS EVIDENCE AS THE SAME EXISTS AT THE TIME OF THE HEARING ON THIS MOTION TO SUPPRESS, OR AT ANY TIME DURING TRIAL WHEN EVIDENCE APPEARS, SUBSEQUENT TO THE INITIAL SUPPRESSION HEARING, TO BE THE SUBJECT OF THIS MOTION. DEFENDANT MOVES THIS HONORABLE COURT TO CONSIDER THIS MOTION AS CONTINUING FROM THE DATE OF FILING TO THE TIME THIS CASE IS FINALLY CONCLUDED.



VII.

Defendant further requests the Court to instruct the District Attorney and his assistants to ask no questions in the presence of the jury, should this case be tried to a jury, concerning: (1) statements made by the Defendant; (2) acts tantamount to statements made by the Defendant; (3) statements made in the presence of Defendant which he did not deny in response, whether oral or written, or whether incriminating or exculpatory; and (4) physical evidence or documents obtained pursuant to any consent to search or otherwise until a hearing has been given the Defendant with findings of fact and conclusions of law made by this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Motion be in all things granted, and that a hearing be conducted on the admissibility of any statements or other evidence by Defendant, at the conclusion of which, such statements or evidence by Defendant be ruled inadmissible.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT



CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of same this the 1 day of Sept, 1997.

Wayne T. Hill

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

ORDER ON DEFENDANT'S
MOTION FOR HEARING ON ADMISSIBILITY OF EVIDENCE

On this ___ day of ___________________, 199___, came on to be heard the Defendant's Motion for Hearing on Admissibility of Evidence, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

_____________ GRANTED, and a pre-trial hearing on the admissibility of any statements or evidence by Defendant is further ORDERED;

_____________ DENIED, to which ruling Defendant timely excepts.

SIGNED this the ___ day of ___________________, 199___.

______________________________
JUDGE PRESIDING

FILED
CHARLES BACARISSE
District Clerk
SEP - 1 1999

CAUSE NO. 800112
800113

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

MOTION FOR DISCOVERY OF
VICTIM IMPACT TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant, CHARLES MAMOU, by and through his attorneys of record, and makes this his Motion for Discovery of Victim Impact Testimony, and as grounds therefore would respectfully show as follows:

I.

If the Court intends to allow victim impact testimony, the Defendant has a right to discover the nature and scope of this testimony so that the Defendant may receive effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I §10 of the Texas Constitution. Due process as protected by the Fifth and Fourteenth Amendments, and Article I §19 of the Texas Constitution as well as Article 1.04 V.A.C.C.P. which dictates that this information be disclosed to the Defendant. The right to be informed of the nature of the accusation against the Defendant and the right to confront and effectively cross examine the witnesses against the Defendant, are also as guaranteed by the Sixth Amendment to the United States Constitution, Article I §10 of the Texas Constitution; and Article 10.5, V.A.C.C.P.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Court grant this Motion and order the disclosure of the Victim Impact Testimony as well as the names and addresses of all such witnesses.



Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept., 1999.

Wayne T. Hill

CAUSE NO. 800112
800113

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

ORDER ON DEFENDANT'S MOTION FOR
DISCOVERY OF VICTIM IMPACT TESTIMONY

On this ___ day of ____________________, 199___, came on to be heard the Defendant's Motion for Discovery of Victim Impact Testimony, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

____________ GRANTED, the State to provide this information to Defendant by ________________________, 199____.

____________ DENIED, to which ruling Defendant timely excepts.

SIGNED this the ___ day of ____________________, 199___.

______________________________________
JUDGE PRESIDING



FILED
CHARLES BACARISSE
District Clerk

SEP - 1 1999

Time: ________
Harris County, Texas

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

MOTION TO REQUIRE THE STATE TO REVEAL AGREEMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLES MAMOU, Defendant in the above cause, by and through his attorney, and respectfully moves the Court to order the prosecuting authorities in this case to reveal to defense counsel in writing any agreement, expressed or implied, entered into between the prosecuting authorities or any other law enforcement agency and any witness, prospective witness, or any attorney representing such person regarding such witness's testimony in this case, and as grounds for this Motion would respectfully show the Court the following:

I.

The credibility of any such witnesses will be an important issue in the principal cause and the evidence of any understanding or agreement as to future prosecution of benefit, either promised or contemplated to be promised, whether implied or expressed, will be relevant to said witness's credibility.

II.

The Defendant would further respectfully move the Court to order the State, by and through its prosecuting authorities, to reveal any promises, whether implied or expressed, or aid, assistance, reward, compensation or benefit conferred or to be conferred upon any witness would or might receive if he or she testified on behalf of the State, or any implied or expressed promise of aid

WESBROOK/PLEADING/77



or assistance or of possible benefit made by the State, or any implied or expressed promise of aid or assistance or of possible benefit made by the State, by or through any attorney or law enforcement agency, to any attorney or member of the family or to any other person with whom said witness may have been associated or through whom said witness may have learned of said promise.

III.

In the event any such agreement has been entered into between the State and any witness or potential witness as set forth above, the Defendant hereby requests the name, address and telephone number of each such witness, and the exact and complete nature of the agreement, including aid, assistance, reward or compensation or benefit conferred or contemplated to be conferred upon said witness.

IV.

The Defendant also requests the disclosure of all documents, memos, reports or correspondence in possession of the State reflecting any "charging decision" made by the State regarding any juveniles that might be called upon to testify against the Defendant at his trial and who were not charged with the same offense as Defendant.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays for this Court to grant this Motion in all things and issue an order consistent with the request herein made and for such other and further relief to which the Defendant may be entitled, in law or in equity.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

Wayne T. Hill



CAUSE NO. 800112
800113

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

ORDER ON DEFENDANT'S
MOTION TO REQUIRE THE STATE TO REVEAL AGREEMENTS

On this the _____ day of ___________________________, 199___, came on to be heard the Defendant's Motion to Require the State to Reveal Agreements, and after due consideration, the Court is of the opinion, and it is hereby ORDERED that said Motion is hereby:

_________ GRANTED

_________ DENIED, to which ruling Defendant timely excepts.

SIGNED this the _____ day of _________________________, 199___.

______________________________________
JUDGE PRESIDING



FILED
CHARLES BACARISSE
District Clerk

SEP - 1 1999
Time: 11:45
Harris County, Texas
By ________

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

MOTION TO DISCOVER THE PORTIONS OF THE DEFENDANT'S STATEMENT WHICH THE STATE INTENDS TO USE AT TIME OF TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLES MAMOU, Defendant, and files this Motion to Discover the Portions of the Defendant's Statement Which the State Intends to Use at Time of Trial and in support thereof would show unto the Court as follows:

I.

Your Defendant stands charges by indictment with the offense of capital murder.

II.

The State is in possession of statement(s) allegedly made by the Defendant.

III.

At the trial of this cause, the State will seek to offer into evidence the alleged statement(s) in order to convict the Defendant. Prior to its introduction, the State will, in all probability, seek to edit the alleged statement(s) and exclude portions of the statement from the jury.

IV.

In order to afford the Defendant effective assistance of counsel as guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Texas Constitution and Article 1.05, V.A.C.C.P., and Rules 1.06 and 1.07, Texas Rules of Criminal Evidence, defense counsel must know, prior to trial, precisely and exactly what portions of the alleged



statements the State will edit and exclude. Without knowing, prior to trial, the portions of the statements the State will edit and exclude, defense counsel will not be able to adequately prepare this cause for trial or to prepare a defense to the allegations in the indictment.

WHEREFORE, PREMISES CONSIDERED, the Defendant requests that this Motion be granted for the above stated reasons and that the State be required to notify Defense counsel precisely and exactly what portions of the statements will be edited and excluded.

Respectfully submitted,

[signature]

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

[signature]
Wayne T. Hill



CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

ORDER ON DEFENDANT'S
MOTION TO DISCOVER THE PORTIONS OF
THE DEFENDANT'S STATEMENT WHICH THE
STATE INTENDS TO USE AT TIME OF TRIAL

On this the _____ day of _____________________, 199___, came on to be heard the Defendant's Motion to Discover the Portions of the Defendant's Statement Which the State Intends to Use at Time of Trial, and the Court, after consideration of same Motion should be:

_____________ GRANTED, and the State is hereby ORDERED to notify defense counsel of precisely and exactly what portions of the statements allegedly made by the Defendant the State will seek to edit and exclude at the trial of this cause;

_____________ DENIED, to which ruling Defendant timely excepts.

SIGNED this the _____ day of _____________________, 199__.

_________________________________
JUDGE PRESIDING



14-998
998

CAUSE NO. 800112
800113

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

DEFENDANT'S REQUEST FOR DISCLOSURE OF DEFENDANT'S ARREST/CONVICTION RECORDS AND EXTRANEOUS AND/OR UNADJUDICATED ACTS OF MISCONDUCT TO BE OFFERED AT GUILT OR PUNISHMENT

TO THE HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE:

COMES NOW, CHARLES MAMOU, Pursuant to Rules 404, 405, 608 and 609 of the Texas Rules of Evidence Defendant in the above-styled cause, by and through his attorneys, and makes this his Request for disclosure of Defendant's arrest/ conviction record and Extraneous and/or Unadjudicated Acts of Misconduct.

Defendant is requesting all prior arrests/convictions and extraneous and/or unadjudicated acts of misconduct that the State may present at trial in this cause. Counsel is requesting the disclosure of such acts in writing by September 8, 1999, with sufficient notice of the time, date, place and alleged complainant involved in any such matter.

Respectfully submitted,

FILED
CHARLES BACARISSE
District Clerk
SEP -1 1999
Time: 11:45
Harris County, Texas
By ______ Deputy

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT



**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

Wayne T. Hill

14-997

NO. 800112
800113

THE STATE OF TEXAS § IN THE DISTRICT COURT OF
§
VS. § HARRIS COUNTY, TEXAS
§
CHARLES MAMOU § 179TH JUDICIAL DISTRICT

MOTION FOR JURY LIST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLES MAMOU, Defendant in the above cause, by and through his court-appointed attorney, and respectfully moves this Honorable Court that pursuant to Article 34.04 of the Texas Code of Criminal Procedure and the Fifth and Fourteenth Amendments to the Constitution of the United States to provide to Defendant and his counsel a copy of the names of the persons summoned as prospective jurors in this cause at least two (2) days prior to the trial in this case, and for good cause Defendant would respectfully show unto this Honorable Court the following:

I.

The State, by and through the Assistant District Attorney for Harris County, has advised counsel for the defense that the State will seek the death penalty against the Defendant in this cause.

II.

The Defendant herein is an indigent and has been incarcerated in jail since his arrest and has not been on bail.

III.

The Defendant does not wish to waive his right to have the names of the prospective jurors in his cause at least two (2) days prior to his trial.

FILED
CHARLES BACARISSE
District Clerk
SEP - 1, 1999
Time: 11:45
Harris County, Texas
By ______ Deputy



WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court grant this Motion and provide Defendant and his counsel with the names of the persons summoned as prospective jurors in this cause, at least two (2) days prior to trial.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

Wayne T. Hill

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

# MOTION FOR THE COURT TO DIRECT COURT REPORTER TO TAKE VOIR DIRE EXAMINATION OF THE JURY AND BENCH CONFERENCES AND ALL FINAL ARGUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CHARLES MAMOU, Defendant in the above-styled and numbered cause, by and through Defendant's attorney, and respectfully moves this Honorable Court to instruct the Court Reporter of this Court to take down in shorthand or by any other verbatim method of recordation, the entire voir dire examination of the jury panel in this case, and to take down in shorthand or by any other verbatim method of recordation all bench conferences during the trial of this cause and the final arguments made to the jury by counsel for the state and counsel for the defense.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court grant this Motion in all things, and instruct the Court Reporter to transcribe jury selection, all bench conferences, and all final arguments in this cause.

Respectfully submitted,

FILED
CHARLES BACARISSE
District Clerk
SEP -1 1999
Time: 11:45
Harris County, Texas
By Deputy

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT



**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 6 day of Sept, 1997.

[signature]
Wayne T. Hill

COPY

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

ORDER ON DEFENDANT'S
MOTION FOR THE COURT TO DIRECT COURT REPORTER
TO TAKE VOIR DIRE EXAMINATION OF THE JURY AND
BENCH CONFERENCES AND ALL FINAL ARGUMENTS

On this ___ day of ______________________, 199___, came on to be heard the Defendant's Motion for the Court to Direct the Court Reporter to Take Voir Dire Examination of the Jury and Bench Conferences and All Final Arguments, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

______________ GRANTED

______________ DENIED, to which ruling Defendant timely excepts.

SIGNED this the _____ day of ______________________, 199___.

________________________________________
JUDGE PRESIDING



14-958
14-959

CAUSE NO. 800112
800113

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

**DEMAND FOR INDIVIDUAL VOIR DIRE**

COMES NOW, CHARLES MAMOU, Defendant in the above-styled and numbered cause, by and through Defendant's attorney of record, and respectfully demands to individually examine each juror on voir dire apart from the entire panel, pursuant to Article 35.17, V.A.C.C.P.

Respectfully submitted,

FILED
CHARLES BACARISSE
SEP - 1 1999
Time: 1:45
Harris County, Texas
By ______ Deputy

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

Wayne T. Hill

14-994
994

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

DEFENDANT'S MOTION TO PRESENT
WRITTEN QUESTIONNAIRE TO JURY PANEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLES MAMOU, Defendant in the above cause, by and through Defendant's attorney, and presents this Motion to Present Written Questionnaire to Jury Panel, and in support thereof respectfully show the Court as follows:

I.

The Defendant stands charged by indictment with the offense of capital murder and will be allowed to conduct individual voir dire on each jury panel member. In order to conduct this individual voir dire in the most complete manner but also to avoid lengthy and repetitious questioning, the Defendant requests that a written questionnaire be submitted to every jury panel member. By allowing the panel to fill out these questions prior to their individual examination, the Court could save valuable court time and still provide the Defendant and the State with the information essential to a Defendant in a capital murder case.

II.

To deny this information to the Defendant would be to deny Defendant's rights to a fair and impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Texas Constitution.



WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court to submit a written questionnaire to the jury panel prior to their individual voir dire.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

FILED
CHARLES BACARISSE
District Clerk
SEP - 1 1999
Time: 11:45
Harris County, Texas
By ______ Deputy

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

Wayne T. Hill

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

ORDER ON DEFENDANT'S MOTION TO PRESENT
A WRITTEN QUESTIONNAIRE TO JURY PANEL

On this ___ day of ____________________, 199___, came on to be heard the Defendant's Motion to Present Written Questionnaire to Jury Panel, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

_____________ GRANTED

_____________ DENIED, to which ruling Defendant timely excepts.

SIGNED this the ___ day of ____________________, 199___.

_______________________________________
JUDGE PRESIDING

FILED
CHARLES BACARISSE
SEP -1 1999
Time: ______ Harris County, Texas
By ______ Deputy

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

## MOTION FOR DISCOVERY AND INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the authority of Article 28.01 and 39.14, V.A.C.C.P., comes the Defendant, CHARLES MAMOU, by and through Defendant's attorney of record, and respectfully moves this Honorable Court to order the District Attorney to produce and/or allow defense counsel to inspect and copy and/or photograph the following items in which are in the possession and/or within the knowledge of the State of Texas or an agency thereof:

### STATEMENTS BY DEFENDANT

1. Any statement, including Grand Jury testimony, made by Defendant to the police, District Attorney, or any of his employees, any law enforcement officials, State agency, or any private citizen within the knowledge of the police or the District Attorney, or any of his employees, any law enforcement official or State agency, whether under arrest or not, or whether written or oral.

GRANTED ____________ DENIED ____________

### EXCULPATORY/INCULPATORY STATEMENTS

2. Any and all exculpatory or inculpatory written and/or oral statements, confessions or admissions (whether or not reduced to writing)presently in the possession, custody or under the control of the State, its agents, or agencies, made by the Defendant to any witness or person the State has knowledge of.



GRANTED ___________ DENIED ___________

PHOTOGRAPHS

3. Any photographs, drawings or charts made by the police, the District Attorney's Office or anyone else which were made with references to this case, which are in the possession of the police, District Attorney, law enforcement official, State agency or private citizen within the knowledge of the police, District Attorney, any of his employees, any law enforcement official, State agency, or employee or representative of same.

GRANTED ___________ DENIED ___________

SCENE PHOTOGRAPHS

4. Any and all photographs of the scene that relate to the alleged offense, including but not limited to the interior and exterior of the premises, appurtenances thereto, the curtilage, the street, or surrounding vicinity, including the names and addresses of the individuals who took said photographs and the date said photographs were taken.

GRANTED ___________ DENIED ___________

PHOTOGRAPHS OF COMPLAINANT

5. Any and all photographs taken of the complainant by or at the request of, or within the knowledge of the police, District Attorney or any if his employees, any law enforcement official, State agency or agents thereof. Any other photographs of the complainant that the State intends to introduce in evidence at trial.

GRANTED ___________ DENIED ___________



PHOTOGRAPHS OF DEFENDANT

6. Any and all photographs which may have been made of the Defendant while in custody and control of the police, District Attorney, their employees, or an agency of the State of Texas. Any other photographs of the Defendant that the State intends to introduce in evidence at trial.

GRANTED ___________ DENIED ___________

IDENTIFICATION

7. Information regarding the identification of the Defendant whether by photographs, films, line-ups, or show-ups as follows:

a. Names and addresses of persons identifying the Defendant, specifying the crime for which the Defendant was identified and the corresponding date of the identification and the date of the alleged offense for which the Defendant was identified;

b. Photographs used in any photographic identification;

c. Identify and description of persons participating in any and all line-ups or show-ups with the Defendant;

d. The names and their particular participation of all officers conducting any and all line-ups or show-ups in which the Defendant was placed for the purpose of identification wherein the Defendant was identified, the corresponding offense and date said offense for which Defendant was identified;

e. The dates, times and locations of any and all line-ups or show-ups which were conducted wherein the Defendant was identified; and

f. Any and all waivers of Defendant's right to have counsel present at any line-up or show-up which were signed by the Defendant.

GRANTED ___________ DENIED ___________

WITNESSES-INJURIES

8. The names and addresses of any and all persons relating to or connected with the making of any notes, medical reports or other reports of the complainant's alleged injuries that allegedly resulted from this offense and this is to include any statements made by any complainant to,



or in the presence of, any such person in connection with said injuries or the occurrence of the alleged offense.

GRANTED ___________ DENIED ___________

EXCULPATORY EVIDENCE

9. Any and all favorable evidence which is in the possession, custody, or control of the State, or investigating body of the State of Texas, or any police department or any of their agencies including, but not limited to the following:

a. Any prior inconsistent statements of witnesses for the State which are favorable to Defendant or are exculpatory in nature regarding any alleged offense by the Defendant;

b. The names and addresses of any eyewitnesses to the offenses alleged which are favorable to the Defendant or are exculpatory in nature;

c. Failure of any witness to identify Defendant either from photographs, films, or in person while in a line-up or show-up; and

d. Results of any scientific tests conducted which are favorable to the Defendant or exculpatory in nature including, but not limited to ballistic tests or fingerprints at the site of the offense or on other tangible evidence.

GRANTED ___________ DENIED ___________

REAL EVIDENCE

10. Any papers, objects or real evidence that is in the possession of the police, the District Attorney's Office or their employees or State agencies which may in any way be material to the guilt or innocence of this Defendant.

GRANTED ___________ DENIED ___________

SCIENTIFIC TEST RESULTS

11. Any written report of any test that is a biological, microscopic or scientific analysis of any items which was conducted pursuant to the investigation of the instant case regardless of whether said test was prepared or conducted at the request of any law enforcement official, by the

State of Texas or its agents, State agency or any private citizen, within the knowledge of the police or the District Attorney, or any of his employees, together with any descriptions, test dates, and any determinations as well as the name and address of the individuals who conducted such tests or analysis.

GRANTED ___________ DENIED ___________

TEST ON COMPLAINANT

12. The results of any and all blood tests, chemical, or other medical or biological tests run on complainant and/or deceased by whomsoever made.

GRANTED ___________ DENIED ___________

EVIDENCE OF SCENE

13. Any and all tests, records, diagrams, charts, or written reports relating to the actual scene of the alleged offense, e.g., diagrams of where any complainant or evidence was or where any person was allegedly located at the time of the alleged offense.

GRANTED ___________ DENIED ___________

POLICE INFORMATION

14. The names, rank, badge number, employee payroll number and address of all police officers of the State or County law enforcement agents and all employees of the Criminal District Attorney who participated in any way in the investigation of this case, whether at the scene, the police station, county jail or elsewhere.

GRANTED ___________ DENIED ___________

FINGERPRINT

15. Any and all fingerprint impressions obtained by whatever means and process from the scene of the alleged offense in question or found as a result of the investigation of this



offense, whether such fingerprints were fingerprints of the Defendant or were fingerprints from some other person or persons known or unknown.

GRANTED ___________ DENIED ___________

CONVICTION RECORD

16. The juvenile and criminal arrest and/or conviction record of the complainant, and all state witnesses.

GRANTED ___________ DENIED ___________

FIREARMS EXAMINATION

17. The weapon or weapons which the State of Texas alleged or may allege was or were used in the commission of the alleged offense, including any weapons or evidence found at any crime scene. Defendant specifically requested that the court order the Houston Police Department Firearms Laboratory to provide comparison microscope photographs depicting any purported comparison/match made of shell casing examined in this case.

GRANTED ___________ DENIED ___________

EVIDENCE FROM DEFENDANT

18. Any and all objects of evidence the State intends to use which was found on Defendant's person at the time of his apprehension or arrest. Any other evidence obtained from Defendant.

GRANTED ___________ DENIED ___________

CONVICTION OR ADJUDICATION RECORDS

19. These are necessary so that defense counsel may have adequate time to review these documents which will be the basis of the State's case on punishment, if any. Any official records reflecting criminal or juvenile charges and disposition of same.

GRANTED __________ DENIED __________

20. A list of witnesses known to the State including their full name (including alias) current address and telephone number.

GRANTED __________ DENIED __________

As a basis for this Motion, the Defendant states that the objects requested are vital and material to the issue of the Defendant's innocence for the following reasons:

That the items requested are material to the issue of Defendant's attorney to render effective counsel as is guaranteed to the Defendant by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America and by Sections 10, 19 and 29 of Article I of the Constitution of the State of Texas and are needed in order that the Defendant may be informed of the nature and causes of the accusation against Defendant.

This Motion is made in good faith and not for the purpose of delay.

WHEREFORE PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court order:

(1) The District Attorney to permit the Defendant to inspect, copy or photograph the above set out tangible objects prior to the trial in this cause which are in the possession or subject to the control of the State of Texas or any agency thereof pursuant to Articles 39.14, 28.01, 1.03, 1.04 and 1.05 of the Texas Code of Criminal Procedure, Article I, Sections 10 and 19 of the Constitution of the State of Texas and pursuant to the Defendant's right to due process of the law, the effective assistance of Counsel as guaranteed to Defendant by the Fourteenth and Sixth Amendments to the Constitution of the United States respectively;

(2) That a timely hearing on said Motion be had;

(3) That an "in camera" inspection of all evidence sought to be discovered but withheld by the prosecution be had;

(4) That an inquiry be made of the prosecutors and agents of the State of Texas to determine the extent of compliance with any discovery that is Ordered by this Honorable Court; and

(5) That any and all evidence requested but not Ordered subject to discovery by this Honorable Court be included in the Appellate record of this cause for

review by the Appellate Court; and for any and all further relief to which this Court may deem the Defendant entitled.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 1 day of Sept, 1999.

Wayne T. Hill

**ORDER**

This Court's rulings on Defendant's Motion For Discovery And Inspection are noted in the space provided on the Motion.

SIGNED AND ORDERED this ______ day of ____________________, 199___.

JUDGE PRESIDING

14-9919
9891

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

**MOTION FOR PRODUCTION AND DISCLOSURE OF INFORMANT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, by and through the undersigned attorney, and moves this Court for an order disclosing the existence and identity of any police informant or undercover operatives involved in the investigation which led to the charges filed herein, and in support thereof would show:

I.

The Houston Police Department, the Harris County Sheriff's Department and Lafayette Louisiana Police officials took part in the investigation and arrest of Defendant in these matters.

II.

These law enforcement agencies may have utilized "confidential informants" in the course of their investigations.

III.

Defendant would show that the identity of this "confidential informant" is discoverable pursuant to Rule 505(c)(1)(2)(3) of the Texas Rules of Criminal Evidence.

FILED
CHARLES BACARISSE
District Clerk
SEP - 1 1999
Time: 11:45
Harris County, Texas
By ________ Deputy



IV.

Defendant requests that this Court order the State of Texas by and through its prosecuting attorney to investigate and determine the identity and current address of any "confidential informant".

V.

Defendant prays that the Court order the disclosure of the existence, identity and current address of any such individuals so that the undersigned may interview those individuals in the course of his preparation in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court grant this Motion.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT
CHARLES MAMOU

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing MOTION has been hand-delivered to the State of Texas by serving an Assistant District Attorney.

SIGNED THIS 1 day of April, 1997.

Wayne T. Hill



CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

**ORDER**

On this _____ day of _______________, 199___, came to be heard the Defendant's Motion for Production and Disclosure of Informant. It is the opinion of this Court that said Motion should be granted.

Therefore, it is the ORDER of this Court that the Houston Police Department and the Harris County District Attorney's office produce and disclose the existence, identity and current address of any and all informants or undercover operatives present during the investigation which led to these charges being filed against Defendant.

The State must comply with this Order no later than _______________________________.

SIGNED THIS _____ day of ______________________________, 199___.

_______________________________
Judge Presiding



CAUSE NO. 800112
800113

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

**DEFENDANT'S MOTION TO DISCLOSE THE EXISTENCE OF ANY TESTING, QUESTIONING, SURVEILLANCE OR OBSERVATIONS OF DEFENDANT BY STATE AGENTS OR REPRESENTATIVES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, by and through the undersigned attorney, and files this his Motion to Disclose the Existence of any Testing, Questioning, Surveillance or Observations of Defendant by State Agents or Representatives, including jail inmates, and in support thereof would show this court as follows:

I.

Counsel for Defendant believes that the Defendant has been subjected to testing, questioning, surveillance or observation by agents of the State or jail inmates.

II.

Defendant is entitled to know the existence of any of the matters set forth in paragraph I above.

III.

Defendant requests the disclosure of any testing, questioning, surveillance or observation while Defendant has been in the custody of any State agents including the time when Defendant was incarcerated in Louisiana. This request includes audio, electronic, photographic or other means of documenting any of the matters set forth in paragraph I above.

FILED
CHARLES BACARISSE
District Clerk
SEP - 1 1999
Time: ______
Harris County, Texas
By ______ Deputy



WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court grant this Motion and Order the State to immediately disclose the existence of any such matters. Defendant also prays that Counsel for the State be ordered to make inquiry of all law enforcement agents that have had custody of Defendant to determine if any such testing, questioning, surveillance or observation has taken place since Defendant's arrest.

Respectfully submitted,

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT
CHARLES MAMOU

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of the same this the 7 day of Sept, 1999.

Wayne T. Hill



CAUSE NO. 800112
800113

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

**ORDER**

ON THIS _____ day of ___________________, 199___, came to be heard the Defendant's Motion to Disclose the Existence of Any Testing, Questioning, Surveillance or Observations of Defendant by State Agents or Representatives. It is the ORDER of the Court that the said Motion is hereby (GRANTED) (DENIED) as follows:

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________.

SIGNED this _____ day of _______________, 1999.

______________________________
Judge Presiding

FILED
CHARLES BACARISSE
District Clerk
SEP - 1 1999
Time: 11:45
Harris County, Texas
By Deputy

CAUSE NO. 800112
800113

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU | § | 179TH JUDICIAL DISTRICT |

MOTION TO VOIR DIRE ON
PAROLE LAW - 40 YEAR MINIMUM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant, CHARLES MAMOU, by and through his attorneys of record, and makes this his Motion to Voir Dire on Parole Law - 40 Year Minimum, and as grounds therefore would show as follows:

I.

If the Defendant is convicted of capital murder, Defendant will be forced to serve a minimum of 40 calendar years before Defendant will be eligible for parole. The jury has a right to know this information in answering the special issues. Further, the Defendant has a right to know how this information will effect the jurors' answers to the special issues. These questions are necessary in order to allow the Defendant to intelligently exercise his peremptory challenges, as well as to have the effective assistance of counsel. This request is made on the basis of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution, as well as Article I §§ 3a, 10, 13, 15, 15a and 19 of the Texas Constitution and V.A.C.C.P. 36.79.

II.

Defendant should be permitted to voir dire the jury generally about the requirement that a life sentence for capital murder carries a mandatory, minimum period of confinement of forty (40) years.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that Defendant be allowed to ask voir dire prospective jurors regarding mandatory 40 year prison term accompanying a Life sentence.

Respectfully submitted,



Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas  77027-7106
(713) 623-8312
(713) 626-0182 fax

ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of same this the 1 day of Sept, 1999.

Wayne T. Hill



FILED
CHARLES BACARISSE
District Clerk
SEP 08 1999
Time:
Harris County, Texas
By
Deputy

CAUSE NO. 800112

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE 179TH DISTRICT |
| V. | * | COURT OF |
| CHARLES MAMOU, JR. | * | HARRIS COUNTY, TEXAS |

**DISCLOSURE OF DEFENDANT'S ARREST/CONVICTION RECORDS AND EXTRANEOUS AND/OR UNADJUDICATED ACTS OF MISCONDUCT**

COMES NOW THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and gives notice of the following extraneous and/or unadjudicated acts of misconduct:

1. September 5, 1998 - 14600 Alrover, Houston, Texas
   Murder - Complainant: Anthony Williams
2. August 7, 1998 - 435 Georgia St., Lafayette, Louisiana
   Murder - Complainant: Terry James Landry
3. March 5, 1994 - St. Landry Parish
   Possession with Intent to Deliver Cocaine
   Misrepresentation During Booking
4. November 19, 1994 - St. Landry Parish
   Possession with Intent to Deliver Cocaine
5. December 17 1996 - Lafayette Parish
   Speeding and Carrying a Weapon
6. December 12, 1995 - Lafayette Parish
   Aggravated arson
   Failure to appear for Driving under Suspension

14-983



7. February 4, 1996 - Lafayette Parish

   No valid Drivers License in Possession

8. September 9, 1997 - Lafayette Parish

   Failure to Appear - Speeding

9. July 26, 1995 - Lafayette Parish

   Driving Under Suspension; No seatbelt

LYN MCCLELLAN
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, T E X A S

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing instrument has been furnished to counsel for the Defense; Wayne Hill, by hand delivery of a copy of same this the 8th day of September,1999. If any additional information comes to the States attention, the State will notify counsel for the Defense in writing as soon as the information becomes available.

Lyn McClellan
Assistant District Attorney

14984 [handwritten]

| NO. 800,112 | ) | COUNTY CRIMINAL COURT AT LAW NO. ______ |
|---|---|---|
| THE STATE OF TEXAS | ) | 179th DISTRICT COURT |
| VS. | ) | OF HARRIS COUNTY, TEXAS |
| Charles Mamou Jr. | ) | Aug TERM, A. D. 1999 |
| | ) | DATE: SEP - 9 1999 |

DEFENSE MOTION AT TIME OF ENTERING PLEA OF NOT GUILTY

Comes now the Defendant, at the time of entering a plea of Not Guilty in open Court, and requests that the jury assess the punishment herein in the event a verdict of guilty is returned by the Jury.

Charles Mamou Jr. - by permission Kurt Wentz
Defendant

FILED
CHARLES BACARISSE
District Clerk
SEP - 9 1999
Time: 9:30
Harris County, Texas
By ______ Deputy

Kurt Wentz
Attorney for the Defendant

CRM-74 12-30-91



CAUSE NO. 800112

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE 179TH DISTRICT |
| V. | * | COURT OF |
| CHARLES MAMOU, JR. | * | HARRIS COUNTY, TEXAS |

FIRST AMENDED

**DISCLOSURE OF DEFENDANT'S ARREST/CONVICTION RECORDS AND EXTRANEOUS AND/OR UNADJUDICATED ACTS OF MISCONDUCT**

COMES NOW THE STATE OF TEXAS, by and through the undersigned Assistant District Attorney and gives notice of the following extraneous and/or unadjudicated acts of misconduct:

1. September 5, 1998 - 14600 Alrover, Houston, Texas
   Murder - Complainant: Anthony Williams
2. August 7, 1998 - 435 Georgia St., Lafayette, Louisiana
   Murder - Complainant: Terry James Landry
3. March 5, 1994 - St. Landry Parish
   Possession with Intent to Deliver Cocaine
   Misrepresentation During Booking
4. November 19, 1994 - St. Landry Parish
   Possession with Intent to Deliver Cocaine
5. December 17 1996 - Lafayette Parish
   Speeding and Carrying a Weapon
6. December 12, 1995 - Lafayette Parish
   Aggravated arson
   Failure to appear for Driving under Suspension

FILED
CHARLES BACARISSE
District Clerk
SEP 10 1999
Time:
Harris County, Texas
By
Deputy

1U 98 2AV



7. February 4, 1996 - Lafayette Parish

   No valid Drivers License in Possession

8. September 9, 1997 - Lafayette Parish

   Failure to Appear - Speeding

9. July 26, 1995 - Lafayette Parish

   Driving Under Suspension; No seatbelt

10. December 6, 1998 - Harris County

   Aggravated Robbery; Attempted Murder; Aggravated Assault;

   Attempted Capital Murder; Auto Theft; Illegal Investment

   Victims : Dion Holley and Kevin Walter

11. All disciplinary records from jail and penitentiary facilities

in     Texas and Louisiana which have been made available to the

    Defense.

LYN MCCLELLAN
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, T E X A S

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing
instrument has been furnished to counsel for the Defense, Wayne
Hill, by hand delivery of a copy of same this the 8th day of
September,1999. If any additional information comes to the States
attention, the State will notify counsel for the Defense in writing
as soon as the information becomes available.

Lyn McClellan
Assistant District Attorney

LETTER TO THE JUDGE

TO: JUDGE MIKE WILKINSON
179TH DISTRICT COURT #800112
301 SAN JACINTO
HOUSTON, TEXAS 77002

REF. STATE OF TEXAS
VS
CHARLES MAMOU JR

DONALD RAY NELSON
JUROR #53

ATT: JUDGE BUDTTE

PLEASE SEE ATTACHED LETTER FROM DOCTOR MERRICK I. ROSS ABOUT MY MEDICAL CONDITION THAT WE DISCUSSED LAST WEEK.

SINCERELY,
Donald Ray Nelson
9/22/99

FILED
CHARLES BACARISSE
District Clerk
SEP 28 1999
Time: 10 AM
Harris County, Texas
By ________ Deputy

THE UNIVERSITY OF TEXAS
MD ANDERSON
CANCER CENTER

FILED
CHARLES BACARISSE
District Clerk
SEP 28 1999
Time: 10 AM
Harris County, Texas
By ______ Deputy

9/24/99

To whom it may concern,

Mr. Ronald Kelton is a patient at M.D. Anderson and was recently diagnosed with Melanoma. He is scheduled for surgery/due to or in very close proximity to an upcoming trial. This surgery will probably make it difficult for him to carry out his responsibilities as a Juror.

Thank you

Merrick Ross

MERRICK ROSS, MD

713-792-7217

TEXAS MEDICAL CENTER
1515 HOLCOMBE BOULEVARD • HOUSTON, TEXAS 77030 • (713) 792-2121
A Comprehensive Cancer Center Designated by the National Cancer Institute




Don Nelson
1018 Grovewood
Houston, TX 77008-6304
1999

22 SEP
1999
33 USA

JUDGE MIKE WILKINSON
179TH DISTRICT COURT
301 SAN JACINTO
HOUSTON, TX 77002

000065

179TH DISTRICT COURT
CHARLES MAMOU JR
CAUSE # 800112

CAPITAL MURDER JURY POOL/ STRIKE LIST

(1) 1. SEPT 9 1999 GEORGE PENA #2
(2) 2. SEPT 9 1999 FRANCES D. HASHAGEN#6
~~3. SEPT 9 1999 ALEJANDRA SOLANO AMIE#10~~ Δ
~~4. SEPT 9 1999 JERRI MCGRAW TINNEMEYER#18~~ ST
(3) 5. SEPT 9 1999 STACIE MARIE SIBLEY #21
~~6. SEPT 10 1999 HENRY SPENCER #22~~ Δ
~~7. SEPT 10 1999 LINDA WASHBURN WYATT #23~~ ST
~~8. SEPT 10 1999 RAYMOND G RUSSELL #27~~ Δ
~~9. SEPT 14 1999 LYNNE WARREN CANTRELL#33~~ Δ
~~10. SEPT 14 1999 KATHERYNE M STEPHENS #36~~ Δ
(4) 11. SEPT 14 1999 KATHERINE MARIE WALLER#38
(5) 12. SEPT 14 1999 MICHAEL G B EVANS #42
(6) 13. SEPT 14 1999 MICHELE ROWLAND BEASLEY #43
(7) 14. SEPT 14 1999 CECILIA FINE #44
~~15. SEPT 15 1999 VERA SALDANA GARCIA #48~~ Δ
~~16. SEPT 15 1999 ROSE CRAWFORD TURNER #50~~ Δ
~~17. SEPT 15 1999 DONALD RAY NELSON #53~~ Agree on 9/17/99 medical
~~18. SEPT 16 1999 ZENOBIA CRAWFORD PRINCE #72~~ ST
~~19. SEPT 16 1999 SUZETTE YVETTE BARR#77~~ Δ
~~20. SEPT 16 1999 GILBERT CANTU #78~~ ST
(8) 21. SEPT 16 1999 GREGORY DON ADAMS #81
~~22. SEPT 17 1999 CHARLES ROBERT GILBERT #83~~ ST
~~23. SEPT 17 1999 ELYSE CONNER SONY #84~~ Δ
(9) 24. SEPT 17 1999 STACIE JIMMIE COKINOS #88
~~25. SEPT 20 1999 GLEN EARL DINKINS #93~~ Δ
~~26. SEPT 20 1999 LINDA KAY COOK #95~~ ST
~~27. SEPT 20 1999 JUDITH LYNNE BARNETT #99~~ ST
~~28. SEPT 20 1999 LATONYA TAMEKA HARRIS #100~~ ST
~~29. SEPT 20 1999 JOYCE STONER WILLIAMS #108~~ ST
(10) 30. SEPT 21 1999 NOHEMY ARCIDA BONILLA #110
(11) 31. SEPT 21 1999 LINDA N DEATON #112
(12) 32. SEPT 21 1999 TRACI LEE KARAM #113
~~33. SEPT 21 1999 JOSEPH MICHAEL MATHEWS #114~~ agreement
(13) 34. SEPT 21 1999 WILLIAM GLENN KELLY #117 alternate
35. SEPT 21 1999 WESLEY DEWAYNE MIKLE #118
36. SEPT 22 1999 ROLAND THOMAS VOLKER#122
37. SEPT 22 1999 RITA FRAME SHOTWELL #124
38. SEPT 22 1999 EVELYN REYNOLDS MICHKA #125
39. SEPT 27 1999 BRENDA GOLDEN DIXON #127
40. SEPT 27 1999 ROGER BAUMGARTEN #128
41. SEPT 27 1999 MARY JONES SMITH #129
42. SEPT 27 1999 DALE A HAUCK #139
43. SEPT 27 1999 JOHN GREGORY REEVES #151
44.
45.
46.
47.
48.
49.
50.

FILED
CHARLES BACARISSE
District Clerk
SEP 29 1999
Time: 11:10 AM
Harris County, Texas
By [illegible]
Deputy

Capital Murder Jury

NO. 800112

THE STATE OF TEXAS
VS
Charles Mamou, Jr

IN THE 178th DISTRICT COURT
OF HARRIS COUNTY, T E X A S

JURY

1. 
2. 
3. 
4. 
5. 
6. 
7. 
8. 
9. 
10. 
11. 
12. 

STRIKES

DEFENDANT

1. through 15.

STATE

1. through 15.

FILED
CHARLES BACARISSE
District Clerk
SEP 29 1999
Time: ____
Harris County, Texas
By ____ Deputy

CAUSE

1. SEP 08 1999 Elizarraras, Johnny 1, A
2. SEP 08 1999 Robertson, Vearlan 3, A
3. SEP 08 1999 Kristynik, Jamie 5, A
4. SEP 08 1999 Childers-Johnson, Linda 7, A
5. SEP 08 1999 Johnson, James 11, A
6. SEP 08 1999 Stotts, Denise 13, A
7. SEP 08 1999 Chan, Hong-Ta 14, A
8. SEP 08 1999 Sepulveda, Melissa 16, A
9. SEP 08 1999 Howard, Thomas 17, A
10. SEP 08 1999 Herndon, Deborah 20, A
11. SEP 08 1999 Buettgen, Kimberly 25, A
12. SEP 08 1999 Ducote, Daniel 26, A
13. SEP 08 1999 Patsy, Michael 29, A
14. SEP 09 1999 Wagy, Brenda 12, E
15. SEP 09 1999 Hernandez, Eric 9, C
16. SEP 09 1999 Cardenas, Ruben 8, C
17. SEP 09 1999 Scott, Joyce 4, C
18. SEP 09 1999 Ramie Colleen Cooksey, #19, A
19. SEP 10 1999 Dana Marie Goodman, #24, A
20. SEP 10 1999 Deanna Bruce Jones, #30, A
21. SEP 10 1999 Kelly Sarel Trainor #15, A
22. SEP 10 1999 Louis G. Willis #28 DE
23. SEP 13 1999 Mary Johnson #31 A
24. SEP 13 1999 Charles Jenkins #32 A
25. SEP 13 1999 Marilyn Shiu #34 A
26. SEP 13 1999 Thomas Jefferson #35 A
27. SEP 13 1999 Betty Hearns # 39 A
28. SEP 13 1999 Morgan McCain # 41 A
29. SEP 13 1999 Karen Kleinhardt #45 A
30. SEP 13 1999 Luis Mendez #46 A
31. SEP 13 1999 Yvette Centeno #47 A
32. SEP 13 1999 Brian Anderson #51 A
33. SEP 13 1999 Alnadir Jivan #54 A
34. SEP 13 1999 Theresa Anne Vannoy #55 A
35. SEP 13 1999 Noelia Rosales #57 A
36. SEP 13 1999 Steven D. Smith #58 A

000067

CAUSE 800112

THE STATE OF TEXAS — IN THE 179th DISTRICT COURT

VS.

Charles Mamou, Jr. — OF HARRIS COUNTY, T E X A S

CAUSE OR AGREEMENT

| No. | Date | Name | No. | Date | Name |
|---|---|---|---|---|---|
| 37 | SEP 13 1999 | Kevin Casey #59 A | 82 | SEP 17 1999 | Kevin Thomas Phillips #131 A |
| 38 | SEP 13 1999 | Firoz Shaikh #60 A | 83 | SEP 17 1999 | Samaria Anne Bellows #13_ A |
| 39 | SEP 13 1999 | Joseph Vincent #61 A | 84 | SEP 17 1999 | Linda Walker #135 A |
| 40 | SEP 13 1999 | Lisa Thomas #64 A | 85 | SEP 17 1999 | Ervin Dominick #137 A |
| 41 | SEP 13 1999 | Patricia McDonald #66 A | 86 | SEP 17 1999 | Idalia Gatica Bernal #141 A |
| 42 | SEP 13 1999 | Dayna V. Thacker #67 A | 87 | SEP 17 1999 | Pamela Muras Grimes #143 A |
| 43 | SEP 13 1999 | Kevin Paul Jones #68 A | 88 | SEP 17 1999 | Thelma B. Bailey #147 A |
| 44 | SEP 13 1999 | Glenn C. McKinney #71 A | 89 | SEP 17 1999 | John Gr Joseph Garcia #148 A |
| 45 | SEP 13 1999 | Lillian D. Brown #73 A | 90 | SEP 17 1999 | Mary Renner Heidbreder #149 A |
| 46 | SEP 13 1999 | Robert C. Whitworth #75 A | 91 | SEP 17 1999 | Kimberly LaShae Harvey #150 A |
| 47 | [illegible] | Kathryn Ozquilla #76 A | 92 | SEP 20 1999 | Cynthia Kay Mills #103 A |
| 48 | SEP 13 1999 | Bernie Blauvelt #79 A | 93 | SEP 20 1999 | Matthew Gale Taylor #94 A |
| 49 | SEP 13 1999 | Erasmo DeLaFuente #80 A | 94 | SEP 20 1999 | Maria Elizabeth Brooks #111 A |
| 50 | SEP 13 1999 | Lola H. Comeaux #82 A | 95 | SEP 21 1999 | Garrett Johnson #104 A |
| 51 | SEP 13 1999 | Janet H. Friddle #85 A | 96 | SEP 21 1999 | Craig Baker #107 A |
| 52 | SEP 13 1999 | Edward Medellin #86 A | 97 | SEP 21 1999 | Houston Hamilton #105 DC |
| 53 | SEP 13 1999 | Marilynn McGovern #87 A | 98 | SEP 22 1999 | Carolyn Ballard #119 A |
| 54 | SEP 13 1999 | Hung Quang Dam #89 A | 99 | SEP 22 1999 | Noe DeLeon #121 A |
| 55 | SEP 13 1999 | Jason M. Wefel #90 A | 100 | SEP 27 1999 | Joseph R Brasic #130 A |
| 56 | SEP 14 1999 | Dometta R. Landry #37 DC | 101 | SEP 27 1999 | Patricia Hawley #134 A |
| 57 | SEP 14 1999 | Ross Neufeld Smith #40 A | 102 | SEP 27 1999 | Robert Williams #136 A |
| 58 | SEP 14 1999 | Ardoin Richard Darryl #63 A | 103 | SEP 27 1999 | Lydia Hernandez #140 A |
| 59 | SEP 14 1999 | Lori Lawrie McDavid #70 A | 104 | SEP 27 1999 | Carol A. Shutter #[illegible] |
| 60 | SEP 15 1999 | James Thomas Pryor #48 A | 105 | SEP 27 1999 | Charlotte Hendry #142 A |
| 61 | SEP 15 1999 | Thomas Eugene Smith #52 DC | 106 | SEP 27 1999 | Darrell W. Persal #144 A |
| 62 | SEP 15 1999 | Douglas Albert Polega #56 A | 107 | SEP 27 1999 | Michael Lee Small #158 A |
| 63 | SEP 15 1999 | Eric Garcia #62 A | 108 | | |
| 64 | SEP 16 1999 | Margarita Bynum #69 A | 109 | | |
| 65 | SEP 16 1999 | Anna Hattie [illegible] #74 A | 110 | | |
| 66 | SEP 16 1999 | Steven Wiedemann #65 A | 111 | | |
| 67 | SEP 17 1999 | Dorothy J. Begley #91 A | 112 | | |
| 68 | SEP 17 1999 | Janice M. Miller #92 A | 113 | | |
| 69 | SEP 17 1999 | Doris D. Humphries #96 A | 114 | | |
| 70 | SEP 17 1999 | Herbert Daniel Sayers #97 A | 115 | | |
| 71 | SEP 17 1999 | Donald H. Lippincott #98 A | 116 | | |
| 72 | [illegible] | Francis Johnson #101 A | 117 | | |
| 73 | SEP 17 1999 | Elizabeth Montgomery #102 A | 118 | | |
| 74 | SEP 17 1999 | Andrea E. Jones #106 A | 119 | | |
| 75 | [illegible] | Jorge R. Zamudio #109 A | 120 | | |
| 76 | | Michael Scott Hume #115 A | 121 | | |
| 77 | SEP 17 1999 | Elia T. Watson #116 A | 122 | | |
| 78 | SEP 17 1999 | Timothy S. Detmering #120 A | 123 | | |
| 79 | SEP 17 1999 | Jorge B. Sandoval #123 A | 124 | | |
| 80 | SEP 17 1999 | Jean Pierre Hugo #126 A | 125 | | |
| 81 | [illegible] | Martha S. Burdick #130 A | 126 | | |

THE STATE OF TEXAS

CAUSE ________

IN THE 179th DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS

CAUSE OR AGREEMENT

217 ______
218 ______
219 ______
220 ______
221 ______
222 ______
223 ______
224 ______
225 ______
226 ______
227 ______
228 ______
229 ______
230 ______
231 ______
232 ______
233 ______
234 ______
235 ______
236 ______
237 ______
238 ______
239 ______
240 ______
241 ______
242 ______
243 ______
244 ______
245 ______
246 ______
247 ______
248 ______
249 ______
250 ______
251 ______
252 ______

CRM-57A R08-28-91

253 ______
254 ______
255 ______
256 ______
257 ______
258 ______
259 ______
260 ______
261 ______
262 ______
263 ______
264 ______
265 ______
266 ______
267 ______
268 ______
269 ______
270 ______
271 ______
272 ______
273 ______
274 ______
275 ______
276 ______
277 ______
278 ______
279 ______
280 ______
281 ______
282 ______
283 ______
284 ______
285 ______
286 ______
287 ______
289 ______

CRM-57A R08-28-91

JURY POOL

1. SEP 09 1999 Pena, George 2
2. SEP 09 1999 Hashagen, Frances 6
3. SEP 09 1999 Amie, Alejandra 10
4. SEP 09 1999 Jerri McGraw Tinnemeyer #18
5. SEP 09 1999 Sibley, Stacie 21
6. SEP 10 1999 Henry Spencer #22
7. SEP 10 1999 Linda Washburn Wyatt, #23
8. SEP 10 1999 Raymond G. Russell, #27
9. SEP 14 1999 Lynne Cantrell #33
10. SEP 14 1999 Katheryne Stephens #36
11. SEP 14 1999 Katherine M. Wallen #38
12. SEP 14 1999 Michael G.B. Evans #42
13. SEP 14 1999 Michele R. Beasley #43
14. SEP 14 1999 Cecilia Fine #44
15. SEP 15 1999 Vera Saldana Garcia, #48
16. SEP 15 1999 Rose Crawford Turner #50 (open medical)
17. SEP 15 1999 Donald Ray Nelson #5 Sep 9/17/99
18. SEP 16 1999 Zenobia C. Prince #72
19. SEP 16 1999 Suzette Y. Barr #77
20. SEP 16 1999 Gilbert Conte #78
21. SEP 16 1999 Gregory Donadamo #81
22. SEP 17 1999 Charles Robert Gilbert #83
23. SEP 17 1999 Elise Conner Smy #86
24. SEP 17 1999 Stacie Jimmie Collins #88
25. SEP 20 1999 Glen Earl Dinkins, #93
26. SEP 20 1999 Linda Kay Cook, #95
27. SEP 20 1999 Judith Lynne Barnett, #99
28. SEP 20 1999 LaTonya Tameka Glasper-Harris #100
29. SEP 21 1999 Joyce Stoner Williams #108
30. SEP 21 1999 Johanny Arcida Bonell #110
31. SEP 21 1999 Linda Weston #112
32. SEP 21 1999 Traci Lee Karam #113
33. SEP 21 1999 William Joseph Matthews #114
34. SEP 21 1999 William Glenn Kelly #117
35. SEP 21 1999 Wesley D. Mikell #118
36. SEP ~~20~~ 1999 Roland Thomas Volker #122
37. SEP 22 1999 Rita Frome Shotwell #124
38. SEP 22 1999 Evelyn Gail Mickler #125
39. SEP 27 1999 Brenda Golden Dixon #127
40. SEP 27 1999 Roger L. Bumgardner #128
41. SEP 27 1999 Mary Jones Smith #129
42. SEP 27 1999 Dale A. Hauch #139
43. SEP 27 1999 John Gregory Reeves #151
44.
45.
46.
47.
48.
49.
50.
51.
52.
53.
54.
55.
56.
57.
58.
59.
60.
61.
62.
63.
64.
65.
66.
67.
68.
69.
70.
71.
72.

See typed form used at the jury pool strike list



CAUSE NO. 800113

| | |
|---|---|
| STATE OF TEXAS | IN THE 179TH DISTRICT |
| V. | COURT OF |
| CHARLES MAMOU, JR. | HARRIS COUNTY, TEXAS |

**MOTION TO TRANSFER MOTION**

COMES NOW, THE STATE OF TEXAS, by and through her Assistant District Attorney, Lyn McClellan, and moves the Court to transfer the subpoenas filed in Cause No. 800113, The State of Texas v. Charles Mamou, Jr. to Cause No. 800112, The State of Texas v. Charles Mamou, Jr.

In support of the Motion the State would show that some Subpoenas for the State of Texas v. Charles Mamou, Jr. Cause No. 800112 pending in the 179th District Court were filed under Cause No. 800113 also pending in the 179th District Court. The Defense has been provided with copies of all of the subpoenas that were filled in Cause No. 800112, and Cause No. 800113 through out the jury selection process and that they are aware of the persons being subpoenaed for the Capital Murder trial that is commencing October 4, 1999 in the 179th District Court.

Lyn McClellan
LYN MCCLELLAN
ASSISTANT DISTRICT ATTORNEY

ON THIS THE 4th DAY OF OCTOBER, 1999, THE ABOVE MOTION IN LIMINIE IS:

GRANTED DENIED

JUDGE, 179TH DISTRICT COURT

RECORDER'S MEMORANDUM. This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

FILED
CHARLES BACARISSE
District Clerk
OCT - 4 1999 11:13 AM
Time:
Harris County, Texas
By Deputy

14-983
13-897 AM

V2860 P0656



CAUSE NO. 800113

STATE OF TEXAS — IN THE 179TH DISTRICT

V. — COURT OF

CHARLES MAMOU, JR. — HARRIS COUNTY, TEXAS

**MOTION TO TRANSFER MOTION**

COMES NOW, THE STATE OF TEXAS, by and through her Assistant District Attorney, Lyn McClellan, and moves the Court to transfer the subpoenas filed in Cause No. 800113, The State of Texas v. Charles Mamou, Jr. to Cause No. 800112, The State of Texas v. Charles Mamou, Jr.

In support of the Motion the State would show that some Subpoenas for the State of Texas v. Charles Mamou, Jr. Cause No. 800112 pending in the 179th District Court were filed under Cause No. 800113 also pending in the 179th District Court. The Defense has been provided with copies of all of the subpoenas that were filled in Cause No. 800112, and Cause No. 800113 through out the jury selection process and that they are aware of the persons being subpoenaed for the Capital Murder trial that is commencing October 4, 1999 in the 179th District Court.

LYN MCCLELLAN
ASSISTANT DISTRICT ATTORNEY

ON THIS THE 4th DAY OF OCTOBER, 1999, THE ABOVE MOTION IN LIMINE IS:

GRANTED   DENIED

JUDGE, 179TH DISTRICT COURT

V2860 P0657

14-987th
13-996th

RECORDER'S MEMORANDUM. This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.



800112

CAUSE NO. ~~800113~~

STATE OF TEXAS | IN THE 179TH DISTRICT
V. | COURT OF
CHARLES MAMOU, JR. | HARRIS COUNTY, TEXAS

**MOTION IN LIMINE**

COMES NOW, THE STATE OF TEXAS, by and through her Assistant District Attorney, Lyn McClellan, and moves the Court to order the Defendant, through his attorney's, Wayne Hill and Kirt Wentz, to approach the bench before he or any witness mentions or alludes to, directly or indirectly, before the jury, any of the following matters:

1. Evidence of any prior criminal record, arrest, indictment, conviction, specific instances of bad conduct or evidence of a witness's bad character pursuant to Rules 404, 608 and 609.
2. Evidence of statements made by the defendant to any witness
3. Questions that illicit information that is not otherwise admissible i.e. asking where a photo used in a photo spread was obtained, when the answer would reveal a prior arrest in violation of Rule 404,608, or 609.

In support of the Motion the State would show that the above items are not admissible unless the defense complies with the Texas Rules of Evidence. The State asks that the Defendant and his attorneys be prohibited from mentioning the above without first approaching the bench and having a hearing outside the presence of the jury to determine the admissibility.

Lyn McClellan

LYN MCCLELLAN
ASSISTANT DISTRICT ATTORNEY

ON THIS THE 7th DAY OF OCTOBER, 1999, THE ABOVE MOTION IN LIMINE IS :

GRANTED DENIED

JUDGE, 179TH DISTRICT COURT

V2860 P0660

RECORDER'S MEMORANDUM:
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.



800112
800113

STATE OF TEXAS IN THE 179TH DISTRICT COURT

V.

CHARLES MAMOU HARRIS COUNTY, TEXAS

MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, by and through the undersigned attorney and makes this Motion in Limine and in support thereof would show:

FILED
CHARLES BACARISSE
District Clerk
OCT 4 1999
Time: ___
Harris County, Texas
By ___ Deputy

I.

Defendant is charged with the offense of capital murder.

II.

Defendant requests that the court order the attorneys for the State of Texas to not mention, inquire or otherwise allude to any of the following items, either individually or through any witness, whether in opening statement, testimony, sidebar or argument without first approaching the court for a ruling on the admissibility of such evidence/argument:

1. Any allegation of extraneous conduct/crimes or acts of misconduct by Defendant;
2. Any alleged statements made by Defendant while in the presence or custody of law enforcement officials;
3. Calling any witness who will attempt to recant his/her prior statement(s) to law enforcement officials for the purpose of attempting to confront or impeach the witness with such prior statement(s).

V2860 P0661

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the court grant this Motion in Limine and Order the State of Texas, its attorneys and all witnesses to not violate the terms of the Motion in Limine.

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

Respectfully submitted,

Wayne T. Hill
09656300
4615 Southwest Freeway 600
Houston, Texas 77027
(713) 623-8312

ATTORNEY FOR DEFENDANT
CHARLES MAMOU

GRANTED
10-4-99

V2860_P0662

800, 112

The State of Texas
vs
Charles Mamou Jr

In the 179th
District Court For
Harris County, TX

ORDER FOR

IT IS ORDERED that The Harris County Sheriff provide the Defendant, or inmate in the Harris County Jail, access to the jail commissary when he returns from court each evening during his trial

SIGNED this 7th day of October, 1999

Judge Presiding

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

V2862 P0849

13-994



REQUEST OF THE JURY

The Jury Request the following: 179
80412
Charles
Moreno

1 Evidence of Map Showing Location of 12777 Ashford point

2 Ballistics Chart

FILED
CHARLES BACARISSE
District Clerk
OCT 12 1999
Time: 7:20
Harris County, Texas
BY ______ Deputy

Jury foreman

CHARGE OF THE COURT ON GUILT/ INNONCENCE/ VERDICT
FILED ON: OCTOBER 12, 1999

CAUSE NO. 800112

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 179TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| CHARLES MAMOU, JR. | § | AUGUST TERM, A. D., 1999 |

Members of the Jury:

The defendant, Charles Mamou, Jr., stands charged by indictment with the offense of capital murder, alleged to have been committed on or about the 7th day of December, 1998, in Harris County, Texas. The defendant has pleaded not guilty.

A person commits the offense of murder if he:

(1) intentionally or knowingly causes the death of an individual; or

(2) intends to cause serious bodily injury and intentionally or knowingly commits an act clearly dangerous to human life that causes the death of an individual.

A person commits the offense of capital murder if he commits murder, as hereinbefore defined in (1), and the person intentionally commits the murder in the course of committing or attempting to commit the offense of kidnapping.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

A person commits the offense of kidnapping if he intentionally or knowingly abducts another person.

A person commits the offense of aggravated kidnapping if he intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense.

The term "abduct" means to restrain a person with intent to prevent her liberation by:

(1) secreting or holding her in a place where she is not likely to be found; or

(2) using or threatening to use deadly force.

The term "restrain" means to restrict a person's movements without consent, so as to interfere substantially with her liberty, by moving her from one place to another or by confining her.

Restraint is "without consent" if it is accomplished by force, intimidation, or deception.

"Consent" means assent in fact, whether express or apparent.

"Deadly force" means force that is intended or known by the person acting to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.

"Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

The definition of intentionally relative to the offense of capital murder is as follows:

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

The definitions of intentionally and knowingly relative to the offense of murder are as follow:

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The definitions of intentionally or knowingly relative to the offense of kidnapping, attempted kidnapping and aggravated kidnapping are as follow:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

You are instructed that conduct of a person is justified if that person reasonably believes the conduct is immediately necessary to avoid imminent harm, and the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct.

The term "conduct" means an act or omission and its accompanying mental state.

The term "reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

By the term "ordinary standards of reasonableness" is meant the standards that an ordinary and prudent person would apply to the circumstances that the defendant faced.

Now, if you find from the evidence beyond a reasonable doubt that on the occasion in question the defendant did abduct Mary Carmouche, but you further find from the evidence, or you have a reasonable doubt thereof, that at the time of such conduct by the defendant, if any, the defendant reasonably believed that such conduct on his part was immediately necessary to avoid imminent harm, and that the desirability and urgency of avoiding the harm clearly outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the abduction of Mary Carmouche by the defendant, then you will acquit the defendant of the offenses of capital murder, aggravated kidnapping and kidnapping.

You are instructed that you may consider all relevant facts and circumstances surrounding the death, if any, and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense, if any.

Before you would be warranted in finding the defendant guilty of capital murder, you must find from the evidence beyond a reasonable doubt not only that on the occasion in question the defendant was in the course of committing or attempting to commit the felony offense of kidnapping of Mary Carmouche, as alleged in this charge, but also that the defendant specifically intended to cause the death of Mary Carmouche by shooting Mary Carmouche with a deadly weapon, namely, a firearm, and unless you so find, then you cannot convict the defendant of the offense of capital murder.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of December, 1998, in Harris County, Texas, the defendant, Charles Mamou, Jr., did then and there unlawfully, while in the course of committing or attempting to commit the kidnapping of Mary Carmouche, intentionally cause the death of Mary Carmouche by shooting Mary Carmouche with a deadly weapon, namely, a firearm, then you will find the defendant guilty of capital murder, as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of capital murder and next consider whether the defendant is guilty of murder.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of December, 1998, in Harris County, Texas, the defendant, Charles Mamou, Jr., did then and there unlawfully, intentionally or knowingly cause the death of Mary Carmouche, by shooting Mary Carmouche with a deadly weapon, namely, a firearm; or

If you find from the evidence beyond a reasonable doubt that on or about the 7th day of December, 1998, in Harris County, Texas, the defendant, Charles Mamou, Jr., did then and there unlawfully

intend to cause serious bodily injury to Mary Carmouche, and did cause the death of Mary Carmouche by intentionally or knowingly committing an act clearly dangerous to human life, namely by shooting Mary Carmouche with a deadly weapon, namely, a firearm, then you will find the defendant guilty of murder.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of murder and next consider whether the defendant is guilty of aggravated kidnapping.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of December, 1998, in Harris County, Texas, the defendant, Charles Mamou, Jr., did then and there unlawfully, intentionally or knowingly abduct Mary Carmouche, without the consent of Mary Carmouche, with intent to prevent the liberation of Mary Carmouche by using or threatening to use deadly force, namely, the defendant did then and there use or exhibit a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated kidnapping.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof you will acquit the defendant of aggravated kidnapping and next consider whether the defendant is guilty of kidnapping.

Therefore, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of December, 1998, in Harris County, Texas, the defendant, Charles Mamou, Jr., did then and there unlawfully, intentionally or knowingly abduct Mary Carmouche without her consent, with intent to prevent her liberation by secreting or holding Mary Carmouche in a place where Mary Carmouche was not likely to be found, then you will find the defendant guilty of kidnapping.

It is an affirmative defense to prosecution that:

(1) the abduction was not coupled with intent to use or to threaten to use deadly force;

(2) the defendant was a relative of the person abducted; and

(3) the defendant's sole intent was to assume lawful control of the victim.

"Relative" means a parent or stepparent, ancestor, sibling, or uncle or aunt, including an adoptive relative of the same degree through marriage or adoption.

Unless you so find from the evidence beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the defendant of kidnapping.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either capital murder on the one hand or murder or aggravated kidnapping on the other hand, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of either murder or aggravated kidnapping.

If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either murder or aggravated kidnapping on the one hand or kidnapping on the other hand, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of kidnapping.

If you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge you will acquit the defendant and say by your verdict "Not Guilty."

The defendant in this case has urged the defense of alibi, that is, that if the offense was committed, as alleged, the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed and therefore, was not and could not have been the person who committed the same. Now, if you have a reasonable doubt as to the presence of the defendant at the place where the offense was committed, if an offense was committed, at the time of the commission thereof, then you will find the defendant not guilty.

An accomplice, as the term is here used, means anyone connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime by unlawful act or omission on their part transpiring either before, at the time of, or after the commission of the offense, and whether or not they were present and participated in the commission of the crime. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Mere presence alone, however, will not constitute one a party to an offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. The term "conduct" means any act or omission and its accompanying mental state.

You are instructed that a conviction cannot be had upon the testimony of an accomplice unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

Therefore, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you further believe from the evidence that the witness, Samuel Johnson, also known as Bug, was an accomplice, or you have a reasonable doubt whether he was or not, as that term is defined in the foregoing instructions, then you cannot convict the defendant upon the testimony of Samuel Johnson, also known as Bug, unless you further believe that there is other evidence in the case, outside of the testimony of Samuel Johnson, also known as Bug, tending to connect the defendant with the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

You are further instructed that any evidence that any witness has committed any crime was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the credibility of the witness and the weight to be given his testimony, and you will not consider the same for any other purpose.

A Grand Jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty."

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony but the law you shall receive in these written instructions, and you must be governed thereby.

After you retire to the jury room, you should select one of your members as your Foreman. It is his or her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto and signing the same as Foreman.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

No one has any authority to communicate with you except the officer who has you in charge. After you have retired, you may communicate with this Court in writing through this officer. Any communication relative to the cause must be written, prepared and signed by the Foreman and shall be submitted to the court through this officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the Court, or anyone else concerning any questions you may have.

Your sole duty at this time is to determine whether the defendant is guilty or not guilty under the indictment in this cause and restrict your deliberations solely to that issue.

Following the arguments of counsel, you will retire to consider your verdict.

READ TO JURY BY: [signature]

for J. Michael Wilkinson, Judge
179th District Court
Harris County, TEXAS

APPROVED BY: J. Michael Wilkinson

FILED
CHARLES BACARISSE
OCT 12 1999
Time: 10:00
Harris County, Texas
By [signature]

CAUSE NO. 800112

| THE STATE OF TEXAS | § | IN THE 179TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF HARRIS COUNTY, TEXAS |
| CHARLES MAMOU, JR. | § | AUGUST TERM, A. D., 1999 |

CHOOSE ONE

"We, the Jury, find the defendant, Charles Mamou, Jr., guilty of capital murder, as charged in the indictment."

FILED
CHARLES BACARISSE
District Clerk
OCT 12 1999
Time: 3:10
Harris County, Texas
By ______ Deputy

Greg Adams
Foreman of the Jury

Greg Adams
(Please Print) Foreman

"We, the Jury, find the defendant, Charles Mamou, Jr., guilty of murder."

______________________
Foreman of the Jury

______________________
(Please Print) Foreman

"We, the Jury, find the defendant, Charles Mamou, Jr., guilty of aggravated kidnapping."

______________________
Foreman of the Jury

______________________
(Please Print) Foreman

"We, the Jury, find the defendant, Charles Mamou, Jr., guilty of kidnapping."

______________________________
Foreman of the Jury

______________________________
(Please Print) Foreman

"We, the Jury, find the defendant, Charles Mamou, Jr., not guilty."

______________________________
Foreman of the Jury

______________________________
(Please Print) Foreman

Requested Jury INSTRUCTION
STATE OF TEXAS v. CHARLES MAMOU, SR.
179th District Court - Case # 800112

You may consider evidence of an extraneous crime or bad act in assessing punishment even if the defendant has not yet been charged with or finally convicted of the crime or act. However, you may consider such evidence only if the extraneous crime or bad act has been shown by the State beyond a reasonable doubt to have been committed by the defendant or is one for which the defendant could be held criminally responsible.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Therefore, if you find and believe beyond a reasonable doubt that the defendant committed an extraneous crime or bad act or could be held criminally responsible for an extraneous crime or bad act, then you may consider such evidence in assessing the defendant's punishment. However, if you have a reasonable doubt that the defendant committed an extraneous crime or bad act or could be held criminally responsible for an extraneous crime or bad act, then you may not consider such evidence in assessing punishment.

FILED
CHARLES BACARISSE
District Clerk
OCT 15 1999
Time: 10:55 AM
Harris County, Texas
By [signature] Deputy

Respectfully submitted,
[signature]
Wayne T. Hill
4615 S.W. Fwy. 600
Houston, TX. 77027

ORDER

The above Requested Jury Instruction is ~~GRANTED~~ / (DENIED) this 15th day of October, 1999.

[signature]
Judge Presiding

REQUEST OF THE JURY

1796
800112
Charles Mamou Jr.

The Jury request to see the special issue posted

Jury foreman

Mary Adams

FILED
CHARLES BACARISSE
District Clerk
OCT 15 1999 12:27 PM
Time: ______
Harris County, Texas
By ______ Deputy

REQUEST OF THE JURY

179
800112
Charles Mamou Jr.

Judge

The jury would like to know if a decision [illegible] on issue number two, what [illegible].

Jury Foreman

F I L E D
CHARLES BACARISSE
District Clerk
OCT 15 1999
Time: 2:20 PM
Harris County, Texas
By ______ Deputy

[signature]

Please refer to the charge and continue deliberating.

[signature: Michael Wilkinson]

F I L E D
CHARLES BACARISSE
OCT 15 1999
4:05 PM

CAUSE NO. 800112

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 179TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| CHARLES MAMOU, JR. | § | AUGUST TERM, A. D., 1999 |

Members of the Jury:

By your verdict returned in this case you have found the defendant, Charles Mamou, Jr., guilty of the offense of capital murder, which was alleged to have been committed on or about the 7th day of December, 1998, in Harris County, Texas. In order for the Court to assess the proper punishment, it is necessary now for you to determine, from all the evidence in the case, the answers to certain questions, called "Special Issues," in this charge. The Court instructs you in answering these "Special Issues" as follows:

The mandatory punishment for the offense of capital murder of which you have found the defendant guilty is death or confinement in the Texas Department of Criminal Justice, Institutional Division, for life.

In determining your answers to the questions, or special issues, submitted to you, you shall consider all the evidence submitted to you in this whole trial, which includes that phase of the trial wherein you were called upon to determine the guilt or innocence of the defendant, and this punishment phase of the trial wherein you are now called upon to determine the answers to Special Issues submitted to you by the Court.

You shall consider all evidence submitted to you during the whole trial as to the defendant's background or character or the circumstances of the offense that militates for or mitigates against the imposition of the death penalty.

The State must prove Special Issue No. 1 submitted to you beyond a reasonable doubt, and you shall return a Special Verdict of "YES" or "NO" on Special Issue No. 1.

In deliberating on Special Issue No. 1 you shall consider all the evidence admitted at the guilt or innocence stage and the punishment stage of trial, including evidence of the defendant's background, character, record, or the circumstances of the offense that militates for or mitigates against the imposition of the death penalty.

You may not answer Special Issue No. 1 "YES" unless you agree unanimously.

You may not answer Special Issue No. 1 "NO" unless ten (10) or more jurors agree.

Members of the jury need not agree on what particular evidence supports a negative answer to Special Issue No. 1.

You are further instructed that you are not to be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling in considering all of the evidence before you and in answering the Special Issue No. 1.

It is not required that the State prove Special Issue No. 1 beyond all possible doubt; it is required that the State's proof excludes all "reasonable doubt" concerning the defendant.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You are instructed that if you return an affirmative finding, that is a "YES" answer, to Special Issue No. 1, and only then, are you to answer Special Issue No. 2.

You are instructed that in answering special Issue No. 2, you shall answer the issue "YES" or "NO."

You may not answer Special issue No. 2 "NO" unless you agree unanimously, and you may not answer Special Issue No. 2 "YES" unless ten (10) or more of you agree to do so.

You need not agree on what particular evidence supports an affirmative finding on Special Issue No. 2.

In answering Special Issue No. 2 you shall consider mitigating evidence to be evidence that a juror might regard as reducing the defendant's moral blameworthiness, including evidence of the defendant's background, character, record, or the circumstances of the offense that mitigates against the imposition of the death penalty.

You are again instructed that you are not to be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling in considering all of the evidence before you in answering Special Issue No. 2.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment in the Institutional Division of the Texas Department of Criminal Justice for life, he will not become eligible for parole until the actual calendar time served equals forty (40) calendar years, without consideration of good conduct time. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment for life, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law. You are not to consider the manner in which the parole law may be applied to this particular defendant.

You are instructed that the defendant may testify in his own behalf if he chooses to do so, but if he elects not to do so, that fact cannot be taken by you as a circumstance against him nor prejudice him in any way.  The defendant has elected not to testify in this punishment phase of trial, and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever.

During your deliberations upon the "Special Issues," you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

In arriving at the answers to the "Special Issues" submitted, it will not be proper for you to fix the same by lot, chance, or any other method than by a full, fair and free exchange of the opinion of each individual juror.

After the reading of this charge, you shall not be permitted to separate from each other, nor shall you talk with anyone not of your jury. After argument of counsel, you will retire and consider your answers to the "Special Issues" submitted to you. It is the duty of your Foreman to preside in the jury room and vote with you on the answers to the "Special Issues" submitted.

You are the exclusive judges of the facts proved and the credibility of the witnesses and the weight to be given to their testimony, but you are bound to receive the law from the Court which has been given you and you are bound thereby.

J. Michael Wilkinson, Judge
179th District Court
Harris County, TEXAS

FILED
CHARLES BACARISSE
District Clerk
OCT 15 1999
Time: 1105 AM
Harris County, Texas
By ______ Deputy

SPECIAL ISSUE NO. 1

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, Charles Mamou, Jr., would commit criminal acts of violence that would constitute a continuing threat to society?

ANSWER

We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "YES."

Foreman of the Jury

OR

We, the jury, because at least ten (10) jurors have a reasonable doubt as to the probability that the defendant, Charles Mamou, Jr., would commit criminal acts of violence that would constitute a continuing threat to society, determine that the answer to this Special Issue is "NO."

Foreman of the Jury

In the event that the jury has answered Special Issue No. 1 in the affirmative, and only then, shall the jury answer Special Issue No. 2 to be found on the following page.

SPECIAL ISSUE NO. 2

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, Charles Mamou, Jr., that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

ANSWER

We, the jury, unanimously find that the answer to this Special Issue is "NO."

Foreman of the Jury

FILED
CHARLES BACARISSE
OCT 15 1999
4:55 PM
Time: ...
Harris ...
By ... Deputy

OR

We, the jury, because at least ten (10) jurors find that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed, find that the answer to this Special Issue is "YES."

Foreman of the Jury

After the jury has answered each of the Special Issues under the conditions and instructions outlined above, the Foreman should sign the verdict form to be found on the last page of this charge.

VERDICT

We, the Jury, return in open court the above answers to the "Special Issues" submitted to us, and the same is our verdict in this case.

Foreman of the Jury

FILED
CHARLES BACARISSE
OCT 15 1999
Time: 4:55
Harris County
By Deputy



CAUSE NO. 800112

THE STATE OF TEXAS

IN THE 179th DISTRICT COURT

OF HARRIS COUNTY, TEXAS

VS.

Charles Mamou Jr.

**OATH OF INDIGENCE UNDER ARTICLE 11.071 (2) (b), CCP AND FINDING OF FACT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the above named Defendant in the above styled and numbered cause, having been convicted of capital murder and sentenced to death therefor, and represents to the Court that s/he is indigent and desires that counsel be appointed to represent him/her for the purpose of a writ of habeas corpus under Article 11.071. Defendant asks the Court to make findings that s/he is indigent and desires appointment of counsel for the purpose of a writ of habeas corpus.

X Charles Mamou
DEFENDANT

SUBSCRIBED AND SWORN TO before me, this ______ day of OCT 15 1999, ______.

[signature]
DEPUTY DISTRICT CLERK
179th JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

**FINDINGS**

Came on to be considered the oath of indigence filed by the Defendant in the captioned cause. After considering the Defendant's oath and other evidence, if any, presented, the Court **FINDS**, as required by Article 11.071 (2) (b), C.C.P., that the Defendant is indigent and that the Defendant desires the appointment of counsel for the purpose of a writ of habeas corpus.

The Court **ORDERS** that the District Clerk immediately forward the following to the Court of Criminal Appeals:

(1) A copy of the judgment for the above styled and numbered cause.

(2) A list containing the name, address and telephone number of each counsel of record for the defendant at trial and on direct appeal.

The court **FURTHER ORDERS** that the District Clerk send a copy of the instant Findings and Order to (a) the defendant's counsel of record at trial and on direct appeal; and (b) Harris County District Attorney's Office, Appellate Bureau, Post Conviction Writ Section.

SIGNED the ______ day of OCT 15 1999, __________.

[signature]
DISTRICT JUDGE
179th JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

13993AN

V2871 P0066

DC-CR 1 R06-12-98

NO. 800112

THE STATE OF TEXAS
VS.
CHARLES MAMOU, JR.

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming

IN THE 179TH DISTRICT COURT OF HARRIS COUNTY, TEXAS

Change of Venue From: ______

JUDGMENT - DEATH PENALTY

Judge Presiding: M WILKINSON — Date of Judgment: OCTOBER 12, 1999

Attorney for State: CLAIRE CONNORS & LYNN MCCLELLAN — Attorney for Defendant: WAYNE HILL & KURT WENTZ

Offense Convicted of: CAPITAL MURDER AS CHARGED IN THE INDICTMENT

Degree: CAPITAL Punishment Assessed: DEATH Date Offense Committed: DECEMBER 7, 1998
Charging Instrument: Indictment Plea: Not Guilty

Affirmative Findings: (Circle appropriate selection - N/A not available or not applicable)
DEADLY WEAPON: (Yes) ¦No ¦N/A FAMILY VIOLENCE: Yes ¦No (N/A) HATE CRIME: Yes ¦No (N/A)

The Defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above and this cause being this day called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above, and both parties announced ready for trial.

A Jury composed of GREGORY DON ADAMS and eleven others was selected, impanelled, and sworn. The indictment was read to the Jury, and the Defendant entered a plea of not guilty thereto, after having heard the evidence submitted; and having been charged by the Court as to their duty to determine the guilt or innocence of the Defendant and having heard argument of counsels, the Jury retired in charge of the proper officer and returned into open Court on OCTOBER 12, 1999, 19____, the following verdict, which was received by the Court and is here entered on record upon the minutes:

"WE THE JURY, FIND THE DEFENDANT, CHARLES MAMOU, JR. GUILTY OF CAPITAL MURDER, AS CHARGED IN THE INDICTMENT."

Thereupon, the Jury, in accordance with law, heard further evidence in consideration of punishment, and having been again charged by the Court, the jury retired in charge of the proper officer in consideration of punishment and returned into open Court on the 15TH day of OCTOBER, 19 99, the following verdict, which was received by the Court and is here entered of record upon the minutes:
(Special Issues/Verdict/Certification):

SPECIAL ISSUE NO.1

DO YOU FIND FROM THE EVIDENCE BEYOND A REASONABLE DOUBT THAT THERE IS A PROBABILITY THAT THE DEFENDANT, CHARLES MAMOU, JR., WOULD COMMIT CRIMINAL ACTS OF VIOLENCE THAT WOULD CONSTITUTE A CONTINUING THREAT TO SOCIETY?

ANSWER

WE, THE JURY, UNANIMOUSLY FIND AND DETERMINE BEYOND A REASONABLE DOUBT THAT THE ANSWER TO THIS SPECIAL ISSUE IS "YES."

s/sGREGORY DON ADAMS
FOREMAN OF THE JURY

(Special Issues - Continued):

SPECIAL ISSUE NO.2

DO YOU FIND FROM THE EVIDENCE, TAKING INTO CONSIDERATION ALL OF THE EVIDENCE, INCLUDING THE CIRCUMSTANCES OF THE OFFENCE, THE DEFENDANT'S CHARACTER AND BACKGROUND, AND THE PERSONAL MORAL CULPABILITY OF THE DEFENDANT, CHARLES MAMOU, JR., THAT THERE IS A SUFFICIENT MITIGATING CIRCUMSTANCE OR CIRCUMSTANCES TO WARRANT THAT A SENCENCE OF LIFE IMPRISONMENT RATHER THAN A DEATH SENTENCE BE IMPOSED?

ANSWER

WE, THE JURY, UNANIMOUSLY FIND THAT THE ANSWER TO THIS SPECIAL ISSUE IS "NO."

s/s GREGORY DON ADAMS
VERDICT FOREMAN OF THE JURY

"WE, THE JURY, RETURN IN OPEN COURT THE ABOVE ANSWERS TO THE "SPECIAL ISSUES" SUBMITTED TO US, AND THE SAME IS OUR VERDICT IN THIS CASE .

s/s GREGORY DON ADAMS
FOREMAN OF THE JURY

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, as found by the verdict of the jury, and that the said Defendant committed the said offense on the date indicated above, and that he be punished as has been determined by the Jury, by death, and that Defendant be remanded to jail to await further orders of this court.

And thereupon, the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof.

Whereupon the Court proceeded, in presence of said Defendant to pronounce sentence against him as follows, to wit, "It is the order of the Court that the Defendant named above, who has been adjudged to be guilty of the offense indicated above and whose punishment has been assessed by the verdict of the jury and the judgment of the Court at Death, shall be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division, Texas Department of Criminal Justice or any other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division in accordance with the provisions of the law governing the Texas Department of Criminal Justice, Institutional Division until a date of execution of the said Defendant is imposed by this Court after receipt in this Court of mandate of affirmance from the Court of Criminal Appeals of the State of Texas.

The said Defendant is remanded to jail until said Sheriff can obey the directions of this sentence. From which sentence an appeal is taken as a matter of law to the Court of Criminal Appeals of the State of Texas.

Signed and entered on this the ________ day of OCT 15 1999, 19_____.

10/18/1999 motion new trial filed

[signature]

[signature]
JUDGE 179th DISTRICT COURT
Harris County, Texas

V2871 P0689

---

RECORDED: VOLUME 2871 PAGE 0689 COMBINED MINUTES OF THE DISTRICT COURTS OF HARRIS COUNTY, TEXAS.

---

## PAUPER'S OATH ON APPEAL

CAUSE NO.: 800 112

OFFENSE: Capital murder

THE STATE OF TEXAS

179 DISTRICT COURT

VS.

OF

Charles Mamou, Jr

HARRIS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Charles Mamou, Jr, Defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel, on appeal.

Defendant further states under oath that defendant is without funds, property or income; that because of his poverty he is unable to pay for a transcript of the evidence which is necessary to be filed with the court of Criminal Appeals of the State of Texas;

WHEREFORE, he prays that the Court appoint counsel to represent him on appeal and that the Court direct the Court Reporter to prepare a statement of facts, as provided by law, in question and answer form, for use on appeal.

X Charles Mamou
DEFENDANT

SUBSCRIBED AND SWORN to before me, this 15 day of October, A.D. 1999.

[signature]
DEPUTY DISTRICT CLERK
179 DISTRICT COURT
HARRIS COUNTY, TEXAS

FILED
CHARLES BACARISSE
District Clerk
OCT 18 1999
Time 10:05
Harris County, Texas
By ______ Deputy

V2916 P0703

## ORDER APPOINTING COUNSEL ON APPEAL

On this the 18 day of OCT, A.D., 1999, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause, on appeal.

Floyd Freed
ATTORNEY
2301 FM 1960 W
ADDRESS
Houston Tx 77068
CITY STATE ZIP
281 444 0871
PHONE
07413500
Bar Number

CAA
CA 13-992

## ORDER TO PREPARE STATEMENT OF FACTS ON APPEAL

This the 18 day of OCT, A.D., 1999, after hearing testimony on the above affidavit and it appearing that the defendant is entitled to the relief prayed for, it is ORDERED that the Court Reporter of this Court prepare a statement of facts in question and answer form of the testimony in said cause. It is further ORDERED that the clerk of this Court mail a copy of the Order to the Court Reporter: Pam Knobloch, by certified mail return receipt requested.

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

[signature]
JUDGE PRESIDING
179th DISTRICT COURT
HARRIS COUNTY, TEXAS

DISTRICT CLERK



800112

| STATE OF TEXAS | IN THE DISTRICT COURT |
|---|---|
| VS. | HARRIS COUNTY, TEXAS |
| CHARLES MAMOU, JR. | 179TH JUDICIAL DISTRICT |

14-480

MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, by and through the undersigned attorney and makes this Motion for New Trial and in support thereof would show:

I.

Defendant was convicted of the offense of capital murder and sentenced to death.

II.

The evidence was legally insufficient to support of the jury verdict of guilt.

III.

The evidence was factually insufficient to support the jury verdict of guilt.

IV.

The trial court erred in refusing to submit the lesser-included charge of false imprisonment to the jury during the guilt stage of the trial.

V.

The trial court erred in submitting an accomplice as a matter of fact charge regarding witness Samuel "Bug" Johnson to the jury. The court further erred

when it refused to charge the jury that Samuel "Bug" Johnson was an accomplice as a matter of law.

VI.

The trial court erred when it failed to submit an accomplice as a matter of law charge regarding state's witnesses Dion Holly and Kevin Walter.

VII.

The trial court erred when it allowed the state to produce evidence of an extraneous offense (murder) without first proffering evidence outside the presence of the jury to determine if the state could produce evidence beyond a reasonable doubt.

VIII.

The trial court erred when it refused to give a jury instruction regarding the extraneous offense and the state's burden of proof concerning same.

IX.

The trial court erred when it refused to submit a self-defense charge to the jury at the punishment phase of the trial.

X.

The trial court erred when it refused to submit a charge on alibi during the punishment phase of the trial.

XI.

The trial court erred when it refused to submit requested mitigation charges



investigators prior to trail fearing that they would be prosecuted for this offense. As a result, a material defense witness has been kept from court by force, threats or fraud and evidence of defendant's innocence has been withheld by witnesses thus preventing its production at trial. TRAP - 21.3 (e).

XIX.

The verdict is contrary to the law and the evidence. TRAP - 21.3 (h).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the court enter an order granting a new trial in this matter.

Respectfully submitted,

WAYNE T. HILL
09656300
4615 Southwest Freeway 600
Houston, Texas 77027
(713) 623-8312

FILED
CHARLES BACARISSE
District Clerk
OCT 18 1999
Time: ____
Harris County, Texas
By ____ Deputy

ORDER

Defendant's Motion for New Trial is (GRANTED)(DENIED).
SIGNED AND ENTERED this____day of______________,1999.

J. Michael Wilkinson
Judge Presiding
179th District Court
Harris County, Texas



800112

STATE OF TEXAS

VS.

CHARLES MAMOU, JR.

IN THE DISTRICT COURT

OF HARRIS COUNTY, TEXAS

179TH JUDICIAL DISTRICT

MOTION TO WITHDRAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the undersigned attorney and makes this Motion to Withdraw as Attorney of Record, and in support thereof would show:

I.

A conflict has arisen between counsel and defendant which indicates that the court should permit the undersigned to withdraw and appoint new counsel to file an amended Motion for New Trial within the thirty day period permitted for the filing of a Motion for New Trial.

WHEREFORE, PREMISES CONSIDERED, the undersigned prays that the court grant this Motion to Withdraw.

FILED
CHARLES BACARISSE
District Clerk
OCT 28 1999
Time: 11:35
Harris County, Texas
By ______ Deputy

Respectfully submitted,

Wayne T. Hill
09656300
4615 Southwest Freeway 600
Houston, Texas 77027
(713) 623-8312



ORDER

The foregoing Motion to Withdraw is hereby (GRANTED)(DENIED).

Wayne T. Hill is hereby removed as appointed counsel for Charles Mamou, Jr.,

The court hereby appoints Floyd Freed to serve as counsel for defendant during the Motion for New Trial stage of this case.

JUDGE PRESIDING
179TH DISTRICT COURT
HARRIS COUNTY, TEXAS

1-3-96



CAUSE NO. 800,112

14-978

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU, JR. | § | 179th DISTRICT COURT |

**MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW KURT B. WENTZ, the undersigned attorney for the Defendant, CHARLES MAMOU, JR., and files this Motion to Withdraw as Attorney of Record and in support thereof would show this Court as follows:

I.

The undersigned attorney was appointed to represent the Defendant in the above entitled and number cause wherein the Defendant was charged with Capital Murder.

II.

This cause has now been tried and the Defendant has been found guilty and sentenced to receive the death penalty.

A Motion for New Trial has been filed on the behalf of the Defendant.

The Defendant has given notice of appeal and an attorney has been appointed to represent the Defendant in that appeal.

III.

After the Defendant was found guilty, he advised lead counsel, Wayne T. Hill, that he was



unsatisfied with his representation at trial.

This court has granted Mr. Hill's Motion to Withdraw.

The undersigned attorney asks to be allowed to withdraw because of the same apparent conflict.

IV.

The Defendant has counsel on appeal. Appellant counsel, Floyd Freed, is aware of the motion for new trial and has consulted with both Mr. Hill and Mr. Wentz.

WHEREFORE, PREMISES CONSIDERED, the Defendant requests that the Court set this motion for hearing and that upon such hearing grant this motion in all things.

Respectfully submitted,

NOV - 8 1999

KURT B. WENTZ
5629 FM 1960 West
Suite 115
Houston, Texas 77069
Phone: 281-587-0088
TBA: 21179300
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I, Kurt B. Wentz, hereby certify that a true and correct copy of the foregoing Motion was personally served on the assistant District Attorney for Harris County, Texas presently handling this Cause on the 5 day of Nov., 1999.

KURT B. WENTZ



CAUSE NO. 800,112

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHARLES MAMOU, JR. | § | 179th DISTRICT COURT |

ORDER

IT IS ORDERED that Motion to Withdraw as Attorney of Record be GRANTED/~~DENIED~~ as to Kurt B. Wentz.

SIGNED this 12th day of Nov, 1999.

JUDGE PRESIDING

RECORDER'S MEMORANDUM.
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

V2896 P0057

DOCKET SHEET

NO. 0800112

COURT: 179th

THE STATE OF TEXAS VS.

CHARLES MAMOU, JR.

OFFENSE:

CAPITAL MURDER

AMOUNT OF BOND:

NO BOND

DEC 10 1998 **FELONY COMPLAINT FILED**

PRELIMINARY ASSIGNED COURT APPEARANCE SETTING: DEC 14 1998

GENERAL ORDERS OF COURT

DEC 14 1998 N/Counsel

MAR 03 1999 **FELONY INDICTMENT**

MAY 28 1999

THE COURT ... AS COUNSEL FOR THE DEFENDANT Wayne Hill RLS 6-24-99 amg

JUN 25 1999

Mamou

Lynn McClellan Wayne Hill

Presiding: M. Wilkinson

Hearing was held regarding State's Intent to Seek Death Penalty notice filed - 7/31/99 wtd

DIST_CR2 08/07/98

GENERAL ORDERS OF THE COURT

JUL 21 1999

Wayne Hill R/S 8-11-99 Motion

7-27-99 appt atty Kurt Wentz 2nd Chair

AUG 11 1999 R/S 9-07-99

Wayne Hill R/S 9-7-99
& Kurt Wentz

SEP 1 - 1999

Wayne Hill Kurt Wentz R/S 9-7-99

SEP 07 1999 The Defendant Appeared

Person With Counsel Wayne Hill & Kurt Wentz

Lynn McClellan Appeared For The State

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

The State arraigned the def outside the presence of a jury. The def pled not guilty. Motions were heard & ruled on at 9:50A. Court recessed until Wednesday, September 8, 1999, at 10:00A

DIST_CR2 08/07/98

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou, Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION:

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS

OTHER INFORMATION:

C3308 D PAGE 1

FILED 179th

GENERAL ORDER OF COURT

SEP 08 1999 ~~The Defendant~~ Mamou ~~Appeared~~

In Person With Counsel Wayne Hill + Kurt Wentz

Lynn McClellan

Claire Conners Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

At 10:05AM a panel of (30) thirty prospective Jurors were seated, welcomed, and admonished according to the law and ended @ 11:00AM. Both sides agreed to excuse the following jurors: #1, 3, 5, 7, 11, 13, 14, 16, 17, 20, 25, 26, & 29. The remaining panel was excused to return at a later date. Court recessed until 8:30AM tomorrow.

000119

GENERAL ORDERS OF THE COURT

SEP 09 1999

The Defendant, Mamou Appeare In Person With Counsel Wayne Hill Kurt Wentz

Lynn McClellan Appeared For The State. Claire Conners

Court Reporter: Wendy Wilkerson

Judge Presiding: Hon Bob Burdette

At 8:20AM the Court addressed the issue that Juror #12 wanted to claim an exemption for a 5 yr old. At 8:28AM the Court questioned Juror #9 and Juror #18 regarding an issue. At 8:40AM the Court welcomed 9 prospective Jurors and admonished them according to the law and ends at 9:28AM. Juror #8 and #9 were challenged by the Defense for cause and granted. Juror #2, George Pena, was seated at 9:35AM. State began voir dire at 9:37AM. Defense began voir dire at 10:01AM. At 10:21 Juror #2 was accepted into the Jury pool. Juror #4, Joyce Scott was seated at 10:20AM. At 10:24AM Juror #4 was excused for cause. At 10:25AM Juror #6, Frances Hashagen, was seated. State began voir dire at 10:28AM. Defense began voir dire at 10:48AM. At 11:03AM Juror #6 was accepted into the Jury pool. At 11:16AM Juror #10, Alejandra Amie, was seated. State began voir dire at 11:19AM. Defense began voir dire at 11:43AM. At 12:00 PM Juror #10 was accepted into the Jury pool. At 12:03 PM Juror #18, Jerri Timmemeyer, was seated. State began voir dire at 12:06 PM. Defense began at 12:25P, Ended at 12:31P. Juror #18 was accepted into the jury pool. Juror #19, Ramie Colleen Cooksey, was seated & admonished at 12:35P. State & Defense agreed to excuse juror #19. Juror #21, Stacie Marie Sibley, was seated & admonished at 12:45P. State began at 12:48P. Defense began 1:05P. At 1:23PM Juror #21 was accepted into

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou, Jr

OFFENSE: Capital Murder

ATTORNEY FOR STATE: Lynn McClellan, Claire Conners

ATTORNEY FOR DEFENDANT: Wayne Hill, Kurt Wentz

SCIRE FACIAS INFORMATION:

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

C3308 D PAGE 1

FILED

GENERAL ORDER OF COURT

the Jury pool. Court recessed at 1:27PM.

SEP 10 1999

~~The Defendant~~ ~~Appeared~~

In Person With Counsel Wayne Hill, Kurt Wentz

Lynn McClellan, Claire Conners Appeared For The State.

Court Reporter: Wendy Wilkerson

Judge Presiding: Bob Burdette

By agreement of both sides jurors #24 and #30 were excused. The jury panel was seated & admonished at 8:35A. Ended at 9:20 A. The panel was excused out into the hallway. Juror #15, Kelly Janel Trainor was seated & admonished at 9:23A. State began voir dire at 9:25A. Defense began at 9:40A. Ended at 9:48A. Both sides agreed to excuse juror #15. Juror #22, Henry Spencer, was seated

GENERAL ORDERS OF THE COURT SEP 10 1999 and admonished at 9:50A. State began at 9:57A. Defense began 10:15A, Ended at 10:26A. Juror #22 was accepted into the pool. Juror #23, Linda Washburn Wyatt, was seated & admonished at 10:35A. State began voir dire at 10:40A. Defense began 10:58A. Ended at ~~10:~~ 11:20A. Juror #27 was accepted into the jury pool. Juror #27, Raymond G. Russell, was seated & admonished at 11:25A. State began voir dire at 11:32A. Defense began at 11:45A. Ended at. Juror #28, Louis G. Willis was seated & admonished at 12:05P. ~~Both~~ Defense made a motion for cause and the Court ~~sides agreed to~~ excused juror #28. Court recessed until Monday, September 13, 1999, at 10:00A.

SEP 13 1999

The Defendant, Manning Appeared

In Person With Counsel Wayne Hill & Kurt Wentz

Lynn McClellan, Alan Connors Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

at 10AM Court welcomed a panel of 60 good men & women. Court admonished the panel as to the law. At 11:05AM Jurors # 31, 32, 34, 35, 39, 41, 45, 46, 47, 51, 54, 55, 57, 58, 59, 60, 61, 64, 66, 67, 68, 71, 73, 75, 76, 79, 80, 82, 85, 86, 87, 89, 90 were excused from further service.

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION:

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

C3308 D PAGE 1

FILED

179th

GENERAL ORDER OF COURT

*Jurors # 33, 36, 37, 38, 40, 42, 43 & 44 are to return at 8:30 AM on Tuesday 9/14/99

*Jurors # 48, 49, 50, 52, 53, 56, 62, 63 are to return at 8:30 AM on Wednesday 9/15/99

*Jurors # 65, 69, 70, 72, 74, 77, 78 & 91 are to return at 8:30 AM on Thursday 9/16/99

*Jurors # 83, 84 & 88 are to return at 8:30 AM on Friday 9/17/99

SEP 14 1999

The Defendant, Mamou

In Person With Counsel Wayne Hill & Kurt Wentz

Lynn McClellan / T. Clause Connors Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

at 8:45 AM all parties appeared

000123

GENERAL ORDERS OF THE COURT Including the 8 jurors for the day. Court admonished the jurors as to the law. At 9:30 AM concluded. At 9:30 AM Individual voir dire began with juror #33 Lynne Cantrell by the State at 9:50 AM Defense voir dire began with juror #33 & concluded at 10:10 AM at which time juror #33 Lynne Cantrell was entered into the jury pool & was admonished by the Court & instructed to return on 9/29/99. at 10:17 AM Court welcomed juror #36 Katheryne M. Stephens & Individual voir dire began. Court admonished the juror as to the law & concluded at 10:20 AM at which time State voir dire began at 10:20 AM & concluded at 10:35 AM, at which time Defense voir dire began & concluded at 10:57 AM at which time juror #36 Katheryne Stephens was entered into the jury pool & was admonished by the Court & instructed to return on 9/29/99. Court took a short break. at 11:05 AM Court welcomed juror #37 Demetria Landry & Individual voir dire began. Court admonished the juror as to the law & concluded at 11:27 AM, at which time State's voir dire began — & concluded at 11:45 AM. Defense challenge for cause was granted & juror #37 Demetria Landry was excused from further jury service at 11:47 AM Court welcomed juror #38 Katherine Marie Walker & Individual voir dire began. Court admonished the juror as to the law & concluded at 11:51 AM, at which time States voir dire began & concluded at 12:07 PM at which time Defense voir dire began — & concluded at 12:23 PM, at which time

NO. 400112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE: ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION: AMOUNT OF BOND

S.F. NO. BONDSMAN

SETTINGS: OTHER INFORMATION:

FILED

179th

GENERAL ORDER OF COURT Juror #38 Katherine Marie Wells was entered in the Jury Box. Court admonished the juror as to the law & instructed her to return on 9/29/99. Court recess for lunch at 12:30 PM until 1:00 PM. At 1:02 PM all parties appeared excluding juror & Juror #40 Ross Menefee Smith & Juror #63 Richard Harry Ardoin who is suppose to come in on Wed 9/15/99 and Juror #70 Lori Laurie McHarg who is suppose to come in on Thursday 9/16/99 was excused from further Jury Service. At 1:07 PM all parties appeared & Court welcomed Juror #42 Michael H B Evans & individual voir dire began. Court admonished the juror

C3308 D PAGE 1

GENERAL ORDERS OF THE COURT & at 1:10 PM State voir Dire began & Concluded at 1:20 PM at which time Defense voir dire began & Concluded at 1:42 PM at which time Juror # 42 Michael GB Evans was entered into the Jury Pool. Court admonished the Juror & Instructed him to return on 9/29/99. At 1:43 PM Court welcomed Juror # 43 ~~[illegible]~~ Michele Rowland Beasley & Individual voir Dire began. Court Admonished the Juror & at 1:49 PM State voir dire began & concluded at 1:51 PM. at which time Defense voir dire began and concluded at 2:10 PM. Juror # 43 Michele Rowland Beasley was entered in the Jury pool. Court admonished the juror as to the law & instructed her to return on 9/29/99. at 2:12 PM Court welcomed Juror # 44 Cecilia Fine & Individual voir dire began. Court admonished Juror as to the law. State voir dire began at 2:15 PM & Concluded at 2:25 PM. Defense voir dire began at 2:25 PM & concluded at 2:40 PM. Juror # 44 Cecilia Fine was entered into the Jury Pool. Court admonished the Juror & Instructed her to return on 9/29/1999. Court recessed at ~~[illegible]~~ 2:43 PM to resume at 8:30 AM on 9/15/99

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION:

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

FILED

179th

GENERAL ORDER OF COURT

SEP 15 1999 The Defendant Appeared

In Person With Counsel Wayne Hill + Kurt Wentz

Lynn McClellan
Claire Connors Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

Both sides announced ready. The jury panel was seated & admonished at 8:36A Ended at 9:35 The jury was excused into the hallway. Vera Saldana Garcia, juror #48 was seated & admonished at 9:40A. State began voir dire at 9:45A. Defense began at 10:02A. Ended at 10:20A. Juror #48 was accepted into the jury pool. Juror #4_ James Thomas Pryor, was seated & admonished at 10:25A State began

000127

GENERAL ORDERS OF THE COURT SEP 15 1999 at 10:28A Both sides agreed to excuse from jury service. Juror #50, Rose Crawford Turner, was seated at 10:32A. State began voir dire. Defense began at 10:50A. Ended at 11:07A. Juror #50 was accepted into the pool. Juror #52, Thomas Eugene Smith, was seated & admonished at 11:15A. State began at 11:20A. Defense challenged for cause & was granted by the Court. Juror #53, ~~Thomas Eugene Smith~~ Donald Ray Nelson, was seated & admonished at 11:39A. State began at 11:43A. Defense began at 11:58A. Ended at 12:05P. Juror #53 was accepted into the jury pool. Juror #56, Douglas Albert Polega, was seated and admonished at 12:00. ~~State began at~~ Both sides agreed to excuse juror #56. Furthermore, both sides agreed juror #62. Court recessed at 12:25P until Thursday September 16, 1999, at 8:30A.

SEP 16 1999

The Defendant, Marion Appeared

In Person With Counsel ~~Lynn McClellan~~ Wayne Hill & Kurt Wentz

~~K. M McClellan~~ Appeared For The State.

Clear Consuming Pam Kribbeck

Court Reporter:

Judge Presiding: Bob Burdette at 8:45 AM all parties excluding jurors & Both sides agreed to Excuse jurors # 69 & 74 from further jury service at 8:50 AM Court welcomed jurors # 65, 72, 77, 78 & 81

000128

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE: ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION: AMOUNT OF BOND

S.P. NO. BONDSMAN

SETTINGS: OTHER INFORMATION:

C3308 D PAGE 1

FILED

179th

000129

GENERAL ORDER OF COURT Court admonished the Jurors as to the law & concluded at 9:45Am at 9:54Am Court welcomed Juror # 65 Steven Wiedeman & Individual voir dire began with State at 9:55Am Both sides agreed to excuse Juror # 65 from further Jury Service. At 10:04Am Court welcomed Juror [illegible] #72 Zenobia Crawford Prince & Individual voir dire began with State & concluded at 10:21 Am at 10:21 Defense voir dire began & concluded at 10:35 Am. Juror #72 Zenobia Crawford Prince was selected in the Jury Pool Court admonished the Juror & instructed her to return on 9/29/1999 at 1050Am Court welcomed Juror # 77 Suzette Yvette Barr. Court admonished the juror & at

GENERAL ORDERS OF THE COURT 10:55AM States voir Dire began & Concluded at 11:10 AM at 11:10 AM Defense voir dire began & concluded at 11:30AM. Juror #77 Suzette Yvette Barr was entered into the Jury Pool. Court admonished the Juror & instructed her to return on 9/29/99. at 11:34AM Court welcomed juror #78 Gilbert Cantu. Court admonished the juror & at 11:33AM States voir Dire began & Concluded at 11:40AM. at 11:40AM Defense voir dire began & concluded at 11:42AM. At which time Juror #78 Gilbert Cantu was entered into the Jury Pool. Court admonished the Juror & instructed him to return on 9/29/99. at 11:45AM Court welcomed juror #81 Gregory Don Adams & Individual voir dire began. Court admonished the juror & at 11:46AM States voir Dire began & concluded at 11:59AM at 11:59AM Defense voir dire began & concluded at 12:10 PM. Juror #81 Gregory Don Adams was entered into the Jury Pool. Court admonished the juror & instructed him to return on 9/29/99, Court recessed until 8:30AM 9/17/99.

SEP 17 1999 The Defendant, [illegible] Appeared

In Person With Counsel Wayne Hill & Kurt Wentz

Lynn McClellan, Alan Curry Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION.

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

C3308 D PAGE 1

FILED 179th

GENERAL ORDER OF COURT at 8:35AM all parties appeared & Court admonished Jurors #83-84 & 88; and concluded at 930AM. At 935AM Court welcomed Juror #83 Charles Gilbert & Individual voir dire began by State & concluded at 9:50 AM. At 950 AM Defense voir dire began & concluded at 10:05AM. Juror #83 Charles Robert Gilbert was entered into the Jury Pool. At 10:06 AM Court welcomed Juror #84 Elyse Connor Song & Individual voir dire began with the State at 10:20 AM. States voir dire concluded & Defense voir dire began at 10:21 AM & concluded at 10:38 AM. Juror #84 Elyse Connor Song was entered into the Jury Pool. Court admonished the juror & instructed her to return on 9/29/99 at 10:40 AM

000131

GENERAL ORDERS OF THE COURT Court welcomed juror # 88 Stacie Jimmie Cokinos & Individual voir dire began with the State & concluded at 10:46 AM At 10:46 AM Defense voir dire began — & concluded at 11:02 AM Juror # 88 Stacie Jimmie Cokinos was entered into jury pool Court admonished the Juror & Instructed her to return on 9/29/1999. For purpose of the record Court - State & Defense agreed that Juror #146 Stephen Michael Hammerman was excused from further service on 9/16/1999 & was not brought over with the 3rd jury panel #'s 91 thru 151. At 11:30 AM Court welcomed a panel of 59 good men & women #91 thru #151. Court admonished the jurors as to the law. At 12:50 PM Court ordered the following jurors to come back as reflected in Court reporters notes & Docket Sheet

2nd panel

Monday 9/20/1999 at 8:30 AM #93-94-95-99-100-103

Tuesday 9/21/1999 at 8:30 AM # 104-105-107-108-110-111-112-113-114-117 & 118

Wednesday 9/22/1999 at 8:30 AM # 119-121-122-124-125

Thursday not working

Friday not working

Monday 9/27/1999 8:30 AM #127-128-129-132-134-136-138-139-140-142-144-145 & 151.

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION. AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

C3308 D PAGE 1

FILED 17th

GENERAL ORDER OF COURT

The following jurors were excused from further jury service: #91, 92, 96, 97, 98, 101, 102, 106, 109, 115, 116, 120, 123, 126, 130, 131, 133, 135, 137, 141, 143, 146, 147, 148, 149, 150,

(note #146 dismissed on 9/16/99)

Court recessed for the day; until 830 Am 9/20/99

* Juror # 100 Latonya Tamika Glasper who was supposed to be here on 9/17/99 did not come in - she has been notified by Clerk Abutee to come in on 9/20/99 by 8:30 AM in the Cafeteria in the basement of the Criminal Courthouse at 301 San Jacinto.

**GENERAL ORDERS OF THE COURT**

SEP 20 1999 The Defendant Appeared

In Person With Counsel Wayne Hill & Kurt Wentz

Lynn McClellan
Claire Connors Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

Both State & Defense agreed to excuse juror #103 and #114

Both sides announced ready at 8:40A. The panel was seated. The Court gave admonishments. Ended at 9:43A. The jury were excused into the hallway. Juror #93 Glen Earl Dinkins, was seated at 9:46A. The State began voir dire. Defense began at 9:53A. Ended at 10:10A. Juror #93 was accepted into the pool. Juror #94, Matthew Cole Taylor, was seated & admonished at 10:11A. State began 10:15A. Both sides agreed to excuse juror #94. Juror #95, Linda Kay Cook, was seated & admonished at 10:18A. State began at 10:21A. Defense began at 10:37A. Ended at 10:54. Juror #95 was accepted into the jury pool. Juror 99, Judith Lynne Barnett, was seated & admonished at 11:08A. The State began voir dire. Defense began at 11:22A. Ended at 11:32A. Juror #99 was accepted into the jury pool. Juror #100, LaTonya Tameika Glasper-Harris, was seated at 11:33A. State began voir dire. Defense began at 11:52A. Ended at 12:00. Juror #100 was accepted

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION. AMOUNT OF BOND

S.F. NO. BONDSMAN

SETTINGS:

OTHER INFORMATION:

C3308 D PAGE 1

FILED 179th

GENERAL ORDER OF COURT

SEP 20 1999 into the jury pool. Court recessed until 8:30A, Tuesday, Sept 21, 1999.

SEP 21 1999

The Defendant Mamou Appeared

In Person With Counsel Wayne Hill & Kurt Wentz

Lynn McClellan & Claire Connor Appeared For The State.

Court Reporter: Pam Unglesbee

Judge Presiding: Bob Burdette

At 8:45 AM All parties being present dismissed Juror # 104 & # 107 from further jury service. At 9:50 AM all parties appeared & Court admonished Jurors # 105-108-110-112-113-114-117 & 118 as to the law. and at 9:50 AM concluded at 9:52 AM Court welcomed Juror # 105 Houston Hamilton & Individual voir dire began Court admonished the Juror & at 9:55 AM States voir dire began &

000135

**GENERAL ORDERS OF THE COURT** concluded at 10:15 AM at 10:45 AM Defense voir dire began & Defense made oral motion to Dismiss Juror # 105 for cause. Court admonished & questioned juror #105. At 10:40 AM Court granted Defense motion to Strike Juror # 105 for Cause & released him for further juror service. At 10:45 AM Court welcomed Juror # 108 Joyce Stoner Williams & Individual voir dire began. Court admonished Juror # 108. at 10:50 AM States voir dire began & concluded at 11:15 AM. At which time Defense voir dire began & concluded at 11:15 AM. Juror # 108 Joyce Stoner Williams was entered into the Jury Pool. Court admonished the Juror & Instructed her to return on 9/29/99. At 11:20 AM Court welcomed Juror # 110 Nohemy Arcida Bonilla. And individual voir dire began. Court admonished the juror & at 10:25 AM States voir dire began & concluded at 11:40 AM, at 11:40 AM Defense voir dire began & concluded at 11:44 AM. Juror # 110 Nohemy Aracida Bonilla was entered into the Jury Pool. Court admonished the Juror & ordered her to return on 9/29/99. at 11:45 AM Court welcomed Juror # 112 Linda McDeaton & Individual voir dire began. Court admonished the juror. At 11:49 AM States voir dire began & concluded at 11:59 AM at which time Defense voir dire began & concluded at 12:08 PM. Juror # 112 Linda Deaton was entered into the jury pool. Court admonished the Juror & Instructed her to return on 9/29/99 by 9:30 AM. Court recessed for lunch. At 12:55 PM all parties appeared & Court welcomed

3308 D PAGE 2

000136

NO. 800112

THE STATE OF TEXAS VS. Charles Thomas Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION.

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

C3308 D PAGE 1

FILED 179

GENERAL ORDER OF COURT Juror #113 Tracie Lee Karen. Court admonished the Jurors at 12:55. States voir dire began & concluded at 1:20 pm at which time Defense voir dire began & concludes at 1:35pm. Juror #113 Tracie Lee Karen was entered into the Jury Pool. Court admonished the Juror & instructed her to return on 9/29/99. at 1:41 pm Court welcomed Juror #114 Joseph Michael Mathews & Individual voir dire began & Court admonished the juror at 1:49 pm States voir dire began & concluded at 2:00 pm at 2:01pm Defense voir dire began & concluded at 2:20pm. Juror #114 Joseph M. Mathews was entered in the Jury Pool. Court admonished the Juror & ordered him to return on 9/29/99. at 2:21pm Court welcomed Juror #117 William Glenn Kelly Court

**GENERAL ORDERS OF THE COURT**

admonished the juror & States voir dire began at 2:26 PM & concluded at 2:40 PM at which time Defense voir dire began & concluded at 2:50 PM. Juror # 117 William Glenn Kelly was entered into the Jury Pool Court admonished the juror & ordered him to return on 9/29/99. at 2:52 PM Court welcomed Juror # 118 Wesley Dewayne Mickle. Court admonished the Juror, at 2:59 PM States voir dire began & concluded at 3:09 PM. at which time Defense voir dire began & concluded at 3:12 PM Court admonished the Defendant & ordered him to return on 9/29/99. Court recessed for the day, until 9/27/99 at 8:30 AM

SEP 27 1999

The Defendant, Thomas Appeared

In Person With Counsel, Wayne Hill & Kurt Wentz

Lynn McClellan & Claire Connors Appeared For The State.

Court Reporter: Pam Brablock

Judge Presiding: Bob Burdette

at 8:30 AM all parties appeared & Court excused Jurors # 119 & 121 from further Jury Service - excluding Juror - at 8:35 AM all parties appeared & Court admonished jurors # 122 - 124 & 125. & Concluded at 9:30 AM at 9:31 AM Juror # 124 Rita Frame Shotwell was welcomed by Court & individual voir dire (taken out of order before juror # 124) States

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION:

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

FILED

179

GENERAL ORDER OF COURT Voir dire began & concluded at 9:52 AM. at 9:52 AM Defense voir dire began & concluded at 10:[illegible] AM Juror # 124 Rita Frame Stotwell was entered into the Jury Pool. Court admonished the Juror & instructed her to return on 9/29/99. at 10:05 AM Court welcomed Juror # 122 Roland Thomas Volker. Court admonished the Juror. at AM State voir dire began & concluded at 10:20 AM, at 10:20 AM Defense voir dire began & concluded at 10:35 AM. Juror # 122 Roland Thomas Volker. was entered into the Jury Pool Court admonished the Juror & instructed him to return on 9/29/99. at 10:39 AM Court welcomed Juror # 125 Evelyn Reynolds Mickler

GENERAL ORDERS OF THE COURT & Individual voir dire began. Court admonished the Juror & at 10:40 am States voir dire began & concluded at 10:55 am. at 1055 am Defense voir dire began & concluded at 11:00 am. Juror # 125 Evelyn Reynolds Michka was entered into the pool. Court admonished the Juror & instructed her to return on 9/29/99. Court recessed until 9/27/99 at 8:30 am

SEP 27 1999

The Defendant, Mamou Appeared

In Person With Counsel Wayne Hill & Kurt Wentz

Lyn McClellan & Clair Connors Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

at 8:45 am State & Defense agreed to Excuse Juror # 132 - 134 - 136 - 140 & 145 from further jury service. at 8:48 am all parties appeared & Court welcomed Juror's # 127 - 128 - 129 - 138 - 139 - 142 - 144 & 151 & admonished them as to the law & concluded at 9:45 am. at 9:46 am Court welcomed Juror # 127 Brenda Golden Dixon & individual voir dire began. Court admonished the Juror. At 9:49 am States voir dire began & concluded at 10:08 am. at 1008 am Defense voir dire began & concluded at 10:21 am. At this time Juror # 127 Brenda Golden Dixon was entered into the jury pool. Court admonished

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION: AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

FILED

179th

GENERAL ORDER OF COURT the juror & instructed her to return on 9/29/99. At 10:25 AM Court welcomed juror #128 Roger L. Bumgarten. Court administered the juror & individual voir dire with the state began & concluded at at 10:45 AM & Defense voir dire began & concluded @ 11 AM. Juror #128 Roger L Baumgarten was entered into the jury pool. Court instructed the juror to return on 9/29/99. At 11:01 Court welcomed juror #129 Mary Jones Smith & individual voir dire did begin with the juror. State began at 11:02 AM & concluded at 11:20 AM at which time defense began voir dire & concluded at 11:23 AM. Juror #129 Mary

C3308 D PAGE 1

000141

GENERAL ORDERS OF THE COURT Jones Smith was entered into Jury Pool. Court instructed the juror to return on 9/29/99. At 11:43 AM State & Defense agreed to release Jurors # 142 & 144 from further jury service. At 11:53 AM Court welcomed Juror # 138 Michael Lee Smith & Individual voir dire began. Both sides agreed to dismiss Juror # 138 from further jury service. At 11:55 AM Court welcomed Juror # 139 Dale A Hauck & Individual voir dire began with the juror. Court admonished the juror & at 11:56 AM State voir dire began & concluded at 12:08 PM. At 12:08 PM Defense voir dire began & concluded at 12:15 PM. At this time Juror # 139 Dale A Hauck was entered into jury pool. Court admonished the jury & instructed him to return on 9/29/99. At 12:20 PM Court welcomed Juror # 151 John Gregory Reeves & Individual voir dire began. Court admonished the jury & at 12:24 PM State voir dire began & conclude at 12:25 PM, at which time defense voir dire began & concluded at 12:30 PM. At which time Juror # 151 John Gregory Reeves was entered into the Jury Pool. Court admonished the juror & instructed him to return on 9/29/99 by 9:30 AM. At 12:35 PM for purpose of the record #53 Donald Ray Nelson request & has been granted to be excused from the Jury Pool for medical purposes. Court recessed until 8:30 AM on Wednesday 9/29/99

NO. 800412

THE STATE OF TEXAS VS. Charles Mamou, Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION: AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

FILED

179th

GENERAL ORDER OF COURT

SEP 29 1999

The Defendant, Mamou Appeared

In Person With Counsel Wayne Hill & Allen Tanner, Kurt Wentz

Lynn McClellan, Appeared For The State.

Court Reporter: Pam Knobloch

Judge Presiding: Bob Burdette

at 9:50 AM all parties appeared & the Jury Pool of 42 individuals were seated. Court admonished the panel as to the law to refresh their memory. & Concluded at 10:20 AM at 10:20 AM Defense voir dire began & concluded at 10:46 AM. at which time strikes were made. At 11:13 AM the Jury (13) was impanelled & the remainder released from further service. Court admonished the jurors (13) & instructed them to return at 10:30 AM

C3308 D PAGE 1

000143

GENERAL ORDERS OF THE COURT on 10/4/1999 Shannon Johnson / Shawn Witness Angelia Marron, Dwight Savoie,

OCT - 4 1999 sworn on paragraph 1 (on count 112)

Defendant, [illegible] Hill & Kurt Wentz

Person With Counsel [illegible] & [illegible] Connors

Rpm McClellan

Appeared For The State Tom Knobloch — outside presence of jury Court held hearing regarding motion filed by State on 9/4/99 ruled on as reflected in Court reporters notes

Court Reporter: [illegible] Henson

Presiding:

State Dismiss 2nd paragraph of the Indictment

at 11:20 AM outside presence of the Jury

DEFENDANT, DULY ARRAIGNED ACCORDING TO LAW. IN OPEN COURT PLEADED Not Guilty

Witnesses were sworn & the Rule Invoked at 11:25 Am all parties appear

& Jury was Sworn

DEFENDANT, WAIVED ARRAIGNMENT AND FORMAL READING OF THE INDICTMENT, IN OPEN COURT PLEADED Not Guilty

@ 11:30 AM State made opening Statement at 11:50 AM States testimony at 1:00 pm Court recessed for lunch. at 2:40 pm Court resumed with State's evidence at 3:55 PM Court took a short break at 4:10 PM Court proceedings resumed at 5:15 PM Court recessed for the day. Court admonished the Jurors & instructed them to return on 10/5/99 at 10:30 Am

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION: AMOUNT OF BOND

S.F. NO. BONDSMAN

SETTINGS:

OTHER INFORMATION:

FILED

179th

GENERAL ORDER OF COURT

OCT - 5 1999 M Carter [illegible] Kent Wentz
Lynn McClellan C Connors Wayne Hill
Pam [illegible]
M Wilkins

At 11:30 am all parties present State's evidence resumed At 1:30 pm. Court recessed for lunch. At 2:55 pm all parties present Court resumed with State's evidence at 4:15 pm. Court took a short break. At 4:35 pm. Court resumed with State's evidence at 5:30 pm Court admonished the jury then released them until 9:30 am

GENERAL ORDERS OF THE COURT

OCT - 6 1999

Defendant: Manon / Wayne Hill / Kurt Wentz

Lynn McCullen / Clay Gunnels

Pam Cuyler

Presiding: M. Williamson

10:30 am all parties present Court resumed with State's evidence At 11:35 am Court took short break at 11:55 Court resumed with States evidence at 1:10 pm Court recessed for lunch at 2:30 pm all parties appeared & the Court proceedings resumed. at 3:08 pm Court took a short break At 3:56 pm Court resumed with State's evidence at 5:15 pm Court took short break at 5:16 pm jurors returned to open Court, Court then admonished the jurors then released until 10:00 am on 10-7-99

OCT - 7 1999 Manon / Wayne Hill / Kurt Wentz

Lynn McCullen / Clay Gunnels

Pam Cuyler

M. Williamson

at 10:50 am all parties present Court resumed with State's evidence, at 11:50 am Court took short break. at 12:20 Court resumed with evidence at 1:30 pm Court

NO. 800112

THE STATE OF TEXAS VS. Charles Mamou Jr.

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION:

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

C3308 D PAGE 1

FILED 1999

GENERAL ORDER OF COURT

Recessed for lunch. At 2:50 pm Court resumed with State's evidence. 3:45 pm short break. At 4:30 pm Court resumed with evidence. At 5:35 pm Court admonished the jurors then released them until 10:00 am on 10-8-99

OCT - 8 1999

Defendant Mamou

In Person With Counsel Waddell / Kenworthy

Counsel For The State Lynn McClellan / Connor

Court Reporter: Pam Mitchell

Judge Presiding: W. Wilkinson

At 10:55 am all parties present. Court resumed with State's evidence. 11:40 am short break. At 11:45 am Court resumed with State's evidence

GENERAL ORDERS OF THE COURT

at 1:10 Court recessed for lunch. At 2:20 pm Court resumed with State's evidence at 3:20 State rest Court took short break at 3:40 Defense presented evidence at 5:10 pm. Court took short break at 5:25 pm Court resumed with Defense evidence at 6:25 pm defense rest. State called rebuttal Witness State closed at 6:40 pm. Short break at 6:45 pm. Jurors returned to open Court. Court admonished the juror then released them until 10-12-99 at 10:00am.

OCT 12 1999

Defendant, Manuel [illegible] Wayne Hill / Kurt Wentz

Person... Counsel: Lynn McQueen Claire [illegible]

Court Reporter: Pam [illegible]

Judge Presiding: M. McSpadden

at 9:40 am all parties present. Court presented the charge to the jury at 10:00 State (Lynn) began argument at 10:12 am defense (Kurt Wentz) began argument at 10:28 am def atty Wayne Hill presented argument. at 10:50 am State (Lynn) resumed with arguments at 11:17 State concluded arguments at which time the jurors retired to begin deliberation at 1:05 pm.

NO. 800112

THE STATE OF TEXAS VS. Charles Manon

OFFENSE:

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION:

AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

FILED 179

GENERAL ORDER OF COURT

Jury recessed for lunch At 2:15 pm jurors returned from lunch & resumed with deliberation. At 3:05 pm all parties present jury returned to open Court verdict as followed "We, the jury find the def. Mr. Charles Manon, guilty of Capital Murder as charged in the Indictment." The Court admonished the jurors, then released them until 9:30 am on 10-13-1999.

C3308 D PAGE 1

GENERAL ORDERS OF THE COURT

OCT 13 1999

Defendant: Mamou

In Person With Counsel: Wayne Hill - Kurt Wentz

Lyn McClellan / G. Cannon, Counsel for The State

Court Reporter: Pam Cutler

Judge Presiding: M. Wilkinson

at 11:00 am all parties present, State presented evidence in punishment phase. 11:45 am short break at which def made objection on the record out of the jurors presence. 11:55 Court resumed. Short Break 12:35 PM. For purpose of record reason for break put on record. Court process resumed at 12:55 PM, At 1:40 pm Court recessed for lunch. At 3:00 pm all parties present Court resumed with State's evidence in punishment phase. 3:35 short break. At 3:40 pm Court resumed with State's evidence At 4:35 pm State rest, Defense began evidence in Punishment phase At 5:15 pm Court admonished the jurors then released them until 10:00 am on 10-14-99

NO. 800112

THE STATE OF TEXAS VS. Charles Manou Jr.

OFFENSE: Capital Murder

ATTORNEY FOR STATE:

ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION: AMOUNT OF BOND

S.F. NO.

BONDSMAN

SETTINGS:

OTHER INFORMATION:

FILED 179

GENERAL ORDER OF COURT

OCT 14 1999

Defendant Manou W. Hill / Kurt Wentz

In Person With Counsel L. McCallum / C. Connors

Appeared for the State Pam Gulledge

Court Reporter M. Williamson

at 10:55 am all parties present Court resumed with def evidence at 1:50 pm Short break. At 2:00 pm Court recessed for lunch. At 4:00 pm Court resumed with def evidence at 4:20 pm defense rest Court admonished the jurors then released them until 10:00 am on 10-15-1999.

C3308 D PAGE 1

GENERAL ORDERS OF THE COURT

OCT 15 1999

Defendant: Mamou

In Person With Counsel: Wayne Hill / Kurt Wentz

Claire Connors / Lynn Middleton Appears For The State

Court Reporter: Dan Kuhlok

Judge Presiding: M. Wilkinson 10:55 AM Hearing held on Defense requested Jury charge – Court heard objections to the Charge ruled on as reflected in Court reporters notes. At 11:05 AM Court read charge to the jury; at 11:05 AM State argument on punishment began & concluded at 11:10 AM at which time Defense argument on punishment began & concluded at 11:45 AM at which time States argument continued & concluded at 12:10 PM at which time the Jury retired to the Jury room to Deliberate on [illegible] Punishment. At 2:35 PM outside presence of Jury – Jury note received regarding inability to answer issue #(2 two). Defense attorney made oral motion to have Defendant sentenced to Life – Said motion Denied by Court; At 4:05 PM at 4:07 PM jury returned with a verdict of Special Issue #1 is yes & Special issue #2 is no. The Jury was returned to the ~~[illegible]~~ jury room*; At which time Hearing was held regarding a conversation by 3 jurors that may have been over heard by a family member of the defendant.

* Court allowed a Family member of the Complaining Witness

NO. 800112

FILED ________ 17th

Charles Mamou Jr.

THE STATE OF TEXAS VS.

OFFENSE:

ATTORNEY FOR STATE: ATTORNEY FOR DEFENDANT:

SCIRE FACIAS INFORMATION: AMOUNT OF BOND

S.F. NO. BONDSMAN

SETTINGS: OTHER INFORMATION:

C3308 D PAGE 1

GENERAL ORDER OF COURT To address the Defendant. Court sentenced the defendant to Death.

Death Sentence Automatic Appeal. Defendant filed Oath of Indigency under Article 11.071(2)(B), CCP & findings of facts

Pauper's Oath on appeal signed & sworn — Attorney to be determined.

10-18-99
Court appt atty Floyd Freed as atty on appeal.
Motion for New trial filed on 10-18-99

GENERAL ORDERS OF THE COURT

10/28/99 Motion to withdraw as Attorney of record & appoint new Counsel & filed Amended Motion for New Trial within the 30 day period permitted for the filing of a Motion for New Trial granted by Court. Court appointed Floyd Freed.

11-12-99 Motion to withdraw atty of Record filed & granted withdraw atty Kurt Wentz

C3308 D PAGE 2



LETTER OF ASSIGNMENT TO THE COURT OF CRIMINAL APPEALS

**CHARLES BACARISSE**
HARRIS COUNTY DISTRICT CLERK

Direct Dial Line:
755-5738

December 15, 1999

FLOYD FREED
ATTORNEY OF RECORD
2301 FM 1960 W
HOUSTON TEXAS 77068

Defendant's Name: CHARLES MAMOU JR.

Cause No: 800112

Court: 179TH DISTRICT COURT

Please note the following appeal updates on the above mentioned cause:

**Notice of Appeal Filed Date:** 10-15-99
**Sentence Imposed Date:** 10-15-99
**Court of Appeals Assignment: Court of Criminal Appeals**
**Appeal Attorney of Record:** FLOYD FREED
**Motion for New Trial Filed:** 10-18-99
**State's Notice of Appeal (Judgment & Sentence) filed:**
**State's Notice of Appeal (Motion) filed date:** **Ruling made:**
**Defendant's Notice of Appeal on Motion filed date:** **Ruling Made:**
**Notice of Appeal on Writ of Habeas Corpus filed:** **Ruling Made:**

Sincerely,

Myrna Lopez
Myrna Lopez
Criminal Post Trial Deputy

CC: Mr. Calvin Hartman
Asst. District Attorney
Appellate Division
Harris County, Texas

PAM KNOBLOCH

This is your notice to inform any and all substitute reporters in this cause.

JP
22996

# CERTIFICATE OF THE CLERK

THE STATE OF TEXAS IN THE 179TH JUDICIAL DISTRICT COURT

COUNTY OF HARRIS OF HARRIS COUNTY, TEXAS

I, **CHARLES BACARISSE**, District Clerk of Harris County, Texas, do hereby certify that the above and foregoing proceedings, instruments and other papers contained in Volume I Pages 1- 156 inclusive, to which this certification is attached and made a part thereof, are true and correct copies of all proceedings, instruments and other papers specified by Rule 51 (a) and matter designated by the parties pursuant to Rule 51 (b) in Cause No. 800112, styled CHARLES MAMOU, JR. vs.The State of Texas in said court.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Harris County, Texas on February 9th, 2000.

CHARLES BACARISSE,
Harris County District Clerk

By: [signature]
Jennifer Carrion, Deputy