

SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

LOUISE PEARSON
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

August 1, 2012

Presiding Judge
179th District Court
Harris County
1201 Franklin, Rm. 18040
Houston, TX 77002

Re:   Charles Mamou, Jr.
      AP-73,708

Dear Judge:

Enclosed herein is an order entered by this Court regarding the above-referenced applicant.

Thank you for your assistance in this matter. Please let me know if you have any questions.

Sincerely,

Sian R. Schilhab
General Counsel

cc:   District Attorney
      Harris County
      1201 Franklin, 6th Fl.
      Houston, TX 77002

      David Sergi
      Attorney at Law
      329 S. Guadalupe
      San Marcos, TX 78666



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-78,122-01

EX PARTE CHARLES MAMOU, JR.

ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
CAUSE NO. 800112 IN THE 179TH DISTRICT COURT
HARRIS COUNTY

*Per Curiam.*

## ORDER

In October 1999, a jury found applicant guilty of the offense of capital murder. The jury answered the statutory punishment questions in such a way that the trial court set applicant's punishment at death. On December 4, 2000, the State filed in this Court its brief on applicant's direct appeal. Pursuant to Article 11.071 §§ 4(a) and (b)[1], applicant's

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

initial application for a writ of habeas corpus was due to be filed in the trial court on or before April 18, 2001, assuming a motion for extension was timely filed and granted. It has been more than eleven years since the application was due in the trial court. Accordingly, we order the trial court to resolve any remaining issues within 90 days from the date of this order. The clerk shall then transmit the complete writ record to this Court within 120 days from the date of this order. Any extensions of time shall be obtained from this Court.

Further, our records show that applicant attempted to file a subsequent application directly in this Court in June 2003. That application was returned to applicant to file in the trial court. A letter from applicant indicates that he filed his subsequent application in the trial court in July 2003. The trial court and the district clerk are instructed to review their files to determine whether this subsequent application was actually filed. If it was, the district clerk is instructed to forward the application to this Court immediately.

IT IS SO ORDERED THIS THE 1ST DAY OF AUGUST, 2012.

Do Not Publish