

SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
  JUDGES

COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

February 05, 2014

Presiding Judge
179th District Court
1201 Franklin, Rm. 18040
Houston TX 77002

**No.:** WR-78,122-01/02/03
**Trial Court No.:** 800112
**Styled:** MAMOU, CHARLES Jr. v. The State of Texas

Dear Judge:

Enclosed herein is an order entered by this Court regarding the above-referenced applicant.

If you should have any questions concerning this matter, please do not hesitate to contact me.

Sincerely,

Sian Schilhab
General Counsel

cc: Charles Mamou, Jr.
TDCJ #999333
Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

David K. Sergi
Attorney at Law
P.O. Box 887
San Marcos, TX 78667

District Attorney Harris County
Devon Anderson
Appellate Section
1201 Franklin St. Ste. 600
Houston, TX 77002-1901

District Clerk Harris County
Chris Daniel
Post Conviction/Appeals Section
P.O. Box 4651
Houston, TX 77210-4651

Edward L. Marshall
Assistant Attorney General
P.O. Box 12548
Austin, TX 78711

Joni White
Assistant Director
Records & Classifications
P. O. Box 99
Huntsville, TX 77340



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-78,122-01, WR-78,122-02, and WR-78,122-03

EX PARTE CHARLES MAMOU, JR.

ON APPLICATIONS FOR WRITS OF HABEAS CORPUS IN CAUSE NO. 800112 IN THE 179TH DISTRICT COURT HARRIS COUNTY

*Per Curiam.*

## ORDER

This is a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071.

In 1999, a jury convicted applicant of the offense of capital murder and returned affirmative answers to the punishment issues submitted under Article 37.071.[1] The trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and

---

[1] Unless otherwise specified, all references to Articles refer to the Texas Code of Criminal Procedure.

sentence on direct appeal. *Mamou v. State,* No. 73,708 (Tex. Crim. App. November 7, 2001) (not designated for publication).

Applicant presents nine allegations in his initial application in which he challenges the validity of his conviction and sentence. The trial court did not hold a live evidentiary hearing. As to all of these allegations, the trial court entered findings of fact and conclusions of law and recommended that relief be denied.

This Court has reviewed the record with respect to the allegations made by applicant. We agree with the trial judge's recommendation and adopt the trial judge's findings and conclusions. We also note that Allegations Five, Six, Eight, and Nine are procedurally barred. *See Ex parte Jimenez,* 364 S.W.3d 866, 880-81 (Tex. Crim. App. 2012). Based upon the trial court's findings and conclusions and our own review, we deny relief.

Additionally, applicant filed a Supplemental Application for Post-Conviction Writ of Habeas Corpus and a Subsequent *Pro Se* Application for Art. 11.071 Writ of Habeas Corpus after the deadline provided for filing an initial application for habeas corpus. We find that the Supplemental and Subsequent *Pro Se* applications are subsequent applications. *See* Art. 11.071. We further find that they fail to meet any of the exceptions provided for in Article 11.071, § 5. Therefore, we dismiss the Supplemental and Subsequent *Pro Se* applications as an abuse of the writ without considering the merits of the claims.

IT IS SO ORDERED THIS THE 5TH DAY OF FEBRUARY, 2014.

Do Not Publish